## H. E. HEDEMAN v. MRS. MARY NEWNOM.

### No. 2943.    Decided May 14, 1919.

**1.—Estates of Decedents—Allowance in Lieu of Homestead.**

The allowance in lieu of homestead and exemptions made under the statute (Rev. Stats., art. 3414) for the benefit of the surviving wife, minor children, and unmarried daughters, must be derived from the property belonging to the estate of the husband. If the husband leaves no estate there is no property that can be subjected to this claim.    (P. 474.)

**2.—Same—Mortgage Before Marriage.**

Personal property of the husband on which he has given a mortgage before his marriage can not be set aside to the widow and others in lieu of homestead without discharging the lien. The mortgage takes precedence over the right to such allowance.    (Pp. 473-478.)

**3.—Same—Statute.**

Neither article 3420, giving precedence over the homestead allowance to such liens only as were given by the husband and wife as there provided, nor article 3422, making the title of the widow and children to such allowance, when the estate is insolvent, absolute as against any debts of the estate, have any reference to or effect on liens given by the husband on his own personal property before marriage, when joinder of the wife in the mortgage was impossible.    (P. 476.)

**4.—Case Disapproved.**

Krueger v. Wolf, 12 Texas Civ. App., 167, disapproved.    (P. 477.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Llano County.

Hedeman obtained writ of error on a judgment of the Court of Civil Appeals (184 S. W., 298), reversing and rendering for Mrs. Newnom a judgment in his favor in the District Court.

*Wilburn Oatman,* for plaintiff in error.

The mortgage of a single man so executed as to be legally binding upon him segregates the property so mortgaged from the rest of his estate and creates a fixed status between him and his creditor whereby said mortgagor, though he remains in possession of said property, holds

it in trust to secure the payment of the debt, and the act of said mortgagor whereby he changes his status from that of a single man to that of a married man, though thereby enlarging his property exemptions generally, and his subsequent death while a married man, does not alter or limit the prior binding force and effect of his former contract (the mortgage) as a single man as to the particular property mortgaged. Property exempt to a family. Art. 3785, Vernon's Sayles' Civil Statutes of Texas. Property exempt to a single man. Art. 3788, Vernon's Sayles' Civil Statutes. Effect of a mortgage as to property mortgaged. Wright v. Henderson, 12 Texas, 44; Willis v. Moore, 59 Texas, 628, 633; Willis & Bro. v. Thompson, 85 Texas, 301, 309.

Rule as to construction of statutes. Cannon's Adm. v. Vaughan, 12 Texas, 399, 402; St. Louis S. W. Ry. Co. v. Tod, 94 Texas, 632, 634.

*J. H. McLean,* for defendant in error.

The estate being insolvent, and it affirmatively appearing that appellant, Mrs. Mary Newnom, the surviving wife of the deceased, had not signed or acknowledged, in a manner legally binding upon the wife, any mortgage or other instrument given to secure creditors, the allowances made her in lieu of a homestead, and other exempt property not on hand in kind, have priority of payment over secured claims not so signed and acknowledged by her, and the court erred in failing to so adjudge. Vernon's Sayles' Civil Statutes, arts. 3413, 3414, 3417, 3419, 3420, 3422, 3423, 3426, 3427, 3428; Kruger v. Wolf, 33 S. W., 633, 668; Champion v. Shumate, 90 Texas, 597, 599; Parlin & Orendorff Co. v. Davis, 74 S. W., 951, 952; Hoffman v. Hoffman, 79 Texas, 189, 193, 196; McLane v. Paschal, 47 Texas, 365, 369; Abney v. Pope, 52 Texas, 288, 292; Mabry v. Ward, 50 Texas, 404, 410-412; Robertson v. Paul, 16 Texas, 472, 475; Giddings v. Crosby, 24 Texas, 295, 299; Terry v. Terry, 39 Texas, 310, 313; Mayman v. Reviere, 47 Texas, 357, 360-361; Griffie v. Maxey, 58 Texas, 210, 214-215; Ford v. Sims, 93 Texas, 586, 588-589.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The question presented by the case is whether personal property upon which a valid mortgage lien had been given by its owner when a single man, may, upon his death after marriage, his estate being insolvent, be appropriated for allowances to his widow in lieu of a homestead and exemptions, freed of the lien. The question is an important one and has not been determined by this court. The Court of Civil Appeals held the lien subordinate to the claim for allowances, reversing a judgment to the contrary rendered by the District Court upon the widow's appeal from a like judgment against her in the County Court.

As presented here the question is unaffected by the legislation of 1917 (Acts of 1917, chapter 34), which was evidently enacted to meet the decision of the Court of Civil Appeals in this case and that of the

Court of Civil Appeals for the Fifth District to similar effect in Investors Mortgage Security Company v. Newton, 184 S. W., 291.

It is a fundamental principle that no man can be deprived of his property without his own consent. It is likewise a maxim that no one can convey to another a better title than he has himself. Whatever may be the exceptions to these rules, they are controlling in general principles. The question here must be solved in the light of them.

The allowance in lieu of a homestead and exemptions made under the statute for the benefit of the surviving wife, minor children and unmarried daughters remaining with the family, must be derived from property belonging to the estate of the husband. That is certain. Only his estate can be resorted to for the purpose. The property of other persons can not be availed of. If the husband leaves no estate, there is no property that can be subjected to the claim.

When this lien was given there was no husband. The property did not belong to a husband. There was no wife. The property was not that of any estate in which, under the law, a wife could have a claim or an interest. It belonged to the estate of a single man. In the property there was no right of any character in favor of a wife. A single man may unquestionably give a valid lien upon property which he owns. If he can not, his right to the property is of no use or value. The mortgagee, therefore, acquired the lien when the mortgagor, alone, had any interest in the property, when the mortgagor had the undoubted power to validly grant the lien, when there was no wife having any kind of right in the property, even an inchoate right, and, hence, when there was no wife to be in any manner adversely affected by the lien. Under the status of all the parties and the law governing their status, the lien was valid and enforcible when granted. It was a vested right in the mortgagee when the marriage occurred and any right of the wife in the property came into existence. The mortgagee has done nothing to lose the lien or to waive it. He has not consented to its displacement in favor of the claim for allowances by the wife whom, after its creation, the mortgagor married.

With this true, upon what theory is the mortgagor, without any fault of his own, to be divested of it? Upon what principle is it to be held that the estate of the husband which, upon his marriage, succeeded to the property impressed with the lien, acquired a better title than the husband had when he married?

The general principles of law forbid any such extreme results. If they are to be sanctioned at all, it could only be through an imperative requirement of a clear and positive statute, in effect at the time the lien was taken, unmistakably declaring that a lien so given by a single man should, in the event of his marriage, death, and the insolvency of his estate, yield to the claim for allowances. One acquiring such a lien under such a law would take it forewarned of its possible defeat. It would not, in truth, amount to an absolute lien. It would be purely a contingent lien. The effect of such a statute upon an unmarried

owner of property in depriving him of the right to deal absolutely with his property when there was no one else in existence having any character of interest in it, would, in the opinion of the writer, amount to an arbitrary interference with his right to its free enjoyment, and, as affecting him, the constitutionality of such a statute, in the writer's opinion, might well be doubted. It is not necessary to determine that question here. At all events, with the exception of certain common law liens of a peculiar nature, only by means of a positive and existing statute justly founded in an absolute necessity, can a lien which is valid when created be subordinated, without the fault of its owner, to a claim of wholly subsequent origin.

Such instances are sometimes found in certain statutory liens imposed for the doing of those things in respect to the property which necessarily enure to the mortgagee's benefit. But they are exceptional. In such cases the lien is given precedence over the existing registered mortgage only where that construction of the statute is plainly required by its language. Generally, all such liens are held to be inferior to that of the existing mortgage since it is not to be supposed that a statute was intended to violate the fundamental rights of property by making a lien later in time superior to a prior mortgage without the mortgagee's consent. A familiar illustration is the holding that as to property moved upon the rented premises the landlord's lien is subject to that of a prior registered mortgage.

When this lien was created there was no statute declaring, either in terms or necessary effect, that the widow's claim for allowances should defeat a valid lien given by the husband upon his property when a single man. We have never had such a statute: Articles 3420 and 3422 have, in our opinion, no application to such a lien. By article 3420 it is provided that no property upon which liens have been given by the husband and wife, duly acknowledged by the wife, or upon which a vendor's lien exists, shall be set aside to the widow or children as exempted property or appropriated for allowances, until the debts secured by such liens are first discharged. This statute was enacted in 1876 to change the old law under which all liens created by the husband upon his property after his marriage, except for purchase money or improvements, were subject to be defeated by the claim for allowances. The decisions of this court giving such effect to the Probate Act of 1848 dealt, it will be found,—in none of them, at least, does the contrary appear,—only with liens given by the husband after his marriage; that is, after the right of the wife, under the terms of the law to have, where necessary, any property of the husband appropriated for allowances, had attached to the property. In all of those cases the creditor was in the position of acquiring his lien with the knowledge of this right of the wife in the property under the law, and of course his lien was subject to her right.

Where there is a wife, and in consequence where her inchoate right for allowance purposes in all the property of her husband is in exist-

ence when the lien is taken, the present law—article 3420—declares that her due joinder in the lien, unless it be a vendor's lien, shall be necessary to render it superior to her claim for allowances. Her joinder in the lien amounts to a waiver of her allowance claim as to such property. The creditor has the opportunity of acquiring a lawful and superior lien by having the wife join in its execution, and if he omits to do so and the appropriation of the property for allowances becomes necessary, the failure of his lien is due to his neglect of the law. The lien fails in such event only because the opportunity of acquiring a lawful lien is given by the law and the law is disregarded.

But the statute contemplates the joinder of the wife in the giving of the lien only where there is a wife to join. If there is no wife when the lien is given, the condition to which the statute relates does not exist and it can not apply. It is idle to say that it requires a creditor taking a mortgage from a single man, when there is no wife and no character of right to the property in a wife, to obtain the joinder of the wife whenever she comes into existence. It contains no such suggestion. The statute was plainly designed for the protection of creditors. What protection would such a law give to the creditor who had accepted the mortgage of the husband when a single man? His lien, absolute and valid when created,—the consideration for it already advanced and beyond his recall,—would be made to depend for its force purely upon the will of the wife and her mere whim might determine its fate. It is impossible to credit the Legislature with a purpose to protect creditors by a vain and illusory law. The condition, and the only condition, it had in mind was that to which the statute in express terms relates,—the condition of a lien taken when there is a wife in being and, as the result of her relation, with her inchoate right in the property for allowance purposes in existence. The reason, doubtless, for its making no provision in respect to the mortgage of the husband given when he was a single man was its belief that no one would contend that the estate of the husband could succeed to a better title to property than he had when he became a husband.

Article 3422 is equally irrelevant in respect to a lien given by a husband upon his property when a single man. It declares that when the estate is insolvent, the title of the widow and children to all property and allowances set apart to them under the provisions of law, shall be absolute, and shall not be taken for any debts of the estate except as authorized in provisions following relating to such claims as funeral expenses and those of the last sickness of the deceased. In so far as this article provides a different rule for the descent of the homestead from that found in the Constitution, it has been held invalid. Zwernemann v. Von Rosenberg, 76 Texas, 522, 13 S. W., 485. As to its provision for absolute title in the widow, minor children and unmarried daughters remaining with the family to other property and allowances set apart to them under articles 3413 and 3414, it should be remembered that the allowances must be derived from the estate of the hus-

band. What is "the estate of the husband" in property mortgaged by him before he became a husband? It is, in fact, only the equity of redemption. The interest in the property represented by the lien did not belong to the husband when he married. It was then vested in another,—the mortgagee. The husband's marriage did not divest it. It could not divest it. The estate of the husband, therefore, can not succeed to it. It is the property of another person. The law will not take one man's property and give it to another, even for humane and worthy purposes. It is not within its power to do so. The right to allowances springs purely from the marriage relation. It is for the benefit of those whom that relation brings into existence. The allowances must come from the property of the husband. Those claiming the husband's property in virtue of the marriage relation for a purpose arising from that relation, can not have a better right to the property than the husband had when the relation was created where the nature of his right has continued unchanged from that time down to the time of their claim. This is self-evident. To hold otherwise is to give the claim a higher level than its source. It would mean that a vested property right can be destroyed simply by the creation of the marriage relation. It has always been held, for illustration, that the homestead right, the same nature of right as the right to allowances, is subject to the liens upon the property at the time the right attaches. With all the protection the law gives to the homestead right, it will not suffer it to defeat a vested right. .The wife's claim to the homestead is subject to the liens existing when the husband acquires the property. Upon the same principle, her claim for allowances is subject to liens existing when she becomes a wife. This lien was acquired when the mortgagor had the clear right to give it. It was protected as a valid lien by the law as it stood when the mortgagee accepted it. To destroy it now by in effect allowing its appropriation for the benefit of one whose rights in the property were of wholly subsequent origin and of which the law gave the mortgagee no notice at the time, would be the taking of one person's property and giving it to another. That is contrary to reason and justice, and we decline to hold that it may be done.

Krueger v. Wolf, 12 Texas Civ. App., 167, 33 S. W., 663, by the Court of Civil Appeals for the Third District, in which a writ of error was refused, is cited as an opposing authority. The opinion of the Court of Civil Appeals indicates that the decision was largely rested upon the view that article 3420 relates only to solvent estates. The article would be wholly unnecessary if applied to only solvent estates. Such view of the statute was overruled by this court in Ford v. Sims, 93 Texas, 586, 75 S. W., 20, where the statute was applied to an insolvent estate. In Krueger v. Wolf, the unmarried daughter in whose behalf the allowance in lieu of a homestead was made as a claim superior to the mortgage given by her widowed mother, was a constituent of her mother's family before and at the time of the giving of the mortgage. The mortgage was executed on February 1, 1890. The

daughter s husband died October 27, 1889, from which date, having no other homestead, she had resided, unmarried, with her mother as a member of her family until the mother's death.

The right of the daughter, therefore, as a constituent of the family to an allowance from her mother's estate in lieu of a homestead and to have the property appropriated for that purpose if necessary, had, under the law, attached to the property and was in existence when the mortgage was taken. The creditor accepted the mortgage charged by the law with the knowledge of her right. He obtained no waiver of her right. He must be held to have contracted with reference to the law, and her right then in existence under the law. It was upon this view, in our opinion, that this court denied the writ of error. The decision has no bearing upon the superiority of this lien, which was accepted by the mortgagee when there was no family and no constituent of a family in existence, and no one had any character of right in the property but the mortgagor.

The judgment of the Court of Civil Appeals in its action in respect to the claim of the plaintiff in error is reversed, and the judgment of the District Court, establishing the plaintiff in error's claim and lien and as having priority over the defendant in error's claim for allowances, is affirmed.

MR. JUSTICE HAWKINS delivered the following concurring opinion:
The conclusion and judgment announced in the foregoing opinion of our Chief Justice have my unqualified concurrence. The principal argument upon which they rest, as disclosed by said opinion, is, in my estimation, sound and unanswerable. But in said opinion are certain expressions of views from which I withhold assent.

*Reversed and judgment of District Court affirmed.*