## CLEVELAND STATE BANK v. LILLEY.
### (No. 1054.)

(Court of Civil Appeals of Texas. Beaumont.
March 13, 1924. Rehearing Denied
April 2, 1924.)

1. **Chattel mortgages ☞138(1)—Lien of chattel mortgage on cattle held inferior to rights of mortgagor's widow and minor children.**

Where a chattel mortgage of cattle, authorizing the mortgagee to take possession and sell the same upon the mortgagor's failure to meet his obligation, was not joined in by the mortgagor's wife, *held*, that upon the death of the mortgagor, leaving an insolvent estate, the right of the mortgagor's widow and minor children, under Rev. St. art. 3422, to the cattle covered by the mortgage was superior to the mortgagee's lien.

2. **Damages ☞71—Attorney's fees not ordinarily recoverable in absence of statute or specific contract.**

In the absence of statute or specific contract, attorney's fees incurred by a party to litigation are not ordinarily recoverable either in an action on tort or on contract.

3. **Chattel mortgages ☞176(4)—Recovery of attorney's fees by plaintiff in action for conversion held unwarranted.**

In an action by the widow of the insolvent chattel mortgagor, as his executrix, to recover for conversion by mortgagee bank of cattle covered by the mortgage, in which plaintiff had not joined, evidence *held* insufficient to establish malice or overbearing conduct on the part of the bank or its agents in taking possession of the cattle warranting a recovery of attorney's fees by plaintiff.

4. **Chattel mortgages ☞176(5)—Recovery of damages in conversion for loss of use, time, and expenses held erroneous; proper damages being interest on value of converted property.**

In an action by the widow of an insolvent chattel mortgagor to recover of mortgagee bank for conversion of cattle covered by the mortgage, in which plaintiff had not joined, a recovery of $100 for the loss of use of the cattle converted, the loss of time and expenses incurred in attending court, and "other things," *held* erroneous; the measure of plaintiff's damages for the conversion being the interest on the value of the cattle at the time of conversion.

Appeal from District Court, San Jacinto County; J. L. Manry, Judge.

Action by Mrs. V. L. Lilley, executrix of the estate of V. L. Lilley, deceased, against the Cleveland State Bank and others. Judgment for plaintiff, and named defendant appeals. Reformed and affirmed.

Wm. McMurrey, of Cold Springs, and E. W. Love, of Cleveland, for appellant.

J. M. Hansbro, of Cold Springs, and Feagin & Feagin, of Livingston, for appellee.

HIGHTOWER, C. J. This is a suit by the appellee, Mrs. V. L. Lilley, for herself and as administratrix of the estate of V. L. Lilley, her deceased husband, against the appellant, Cleveland State Bank, and other defendants, to recover damages, both actual and exemplary, and also for attorney's fees incurred in the prosecution of the suit, amounting, in the aggregate, to $2,500. In substance, the material allegations of the plaintiff's petition are: That V. L. Lilley, deceased, departed this life on January 28, 1921, leaving surviving him the plaintiff and their six minor children; that V. L. Lilley, at the time of his death, was insolvent, as was his estate after his death; that in August, following her husband's death, plaintiff was appointed administratrix of his estate, and that such administration is still pending; that upon her husband's death plaintiff and the minor children were left without means of support for the year following, nor was there left to them the kind and amount of personal property exempt from forced sale to which they were entitled under the law; that upon her application duly made, the probate court, by its order and judgment duly entered, set aside to plaintiff and said minor children out of said estate the sum of $500 for one year's allowance and support, and also the further sum of $250 in lieu of exempt personal property, to which she and the children were entitled under the law. Plaintiff further alleged that defendant Cleveland State Bank and the other defendants acting for it on June 1, 1921, unlawfully and wrongfully took from her possession and control 31 head of cattle that belonged to the community estate of herself and deceased husband, and unlawfully and wrongfully converted said cattle and their value to the use and benefit of defendant Cleveland State Bank; that the value of the cattle so converted was in the aggregate $600; that among the 31 head of cattle were 5 milch cows, and that the value of their use to plaintiff from the date of conversion was $600; that plaintiff was put to trouble and was annoyed and worried and put to expense by reason of such conversion; that such conversion was not only wrongful, but was also malicious, and that therefore plaintiff was entitled to recover her attorney's fees in this case, which she alleged was $500, and that this was a reasonable fee; that because of such malicious conversion of the cattle by defendant Cleveland State Bank, she ought to recover an additional $800 as exemplary damages.

All defendants duly answered, but it is not necessary to show what any of them were, other than that of the Cleveland State Bank; it being the only defendant cast by the judgment, and the only one appealing therefrom. The Cleveland State Bank an-

swered by general demurrer, a number of special exceptions, a general denial, and then specially interposed, among others, in substance, the following as its defense: That at the date of the death of V. L. Lilley, the bank held his note for borrowed money, on which there was due and unpaid the principal sum of $370 and accrued interest; that to secure the payment of this note, Lilley, at the date of its execution, also made and executed a chattel mortgage to the bank, and that the mortgage expressly provided that in the event the note should not be paid when due, the bank might, at its option, take charge and possession of the property thereby mortgaged and sell the same and apply the proceeds to the payment of the note; that the 31 head of cattle, the conversion of which is charged against it by the plaintiff, were included and covered by the mortgage, and that defendant bank, long after said note became due and was unpaid, took charge and possession of 29 head of the cattle covered by the mortgage, with a view to selling them and applying the proceeds to the payment of its note, and that being authorized to do this by express provision contained in the mortgage, defendant only did that which it had the legal right to do, and was therefore not guilty and could not be guilty of conversion of the cattle, nor liable to plaintiff in any way. There were other specially pleaded defenses, but they are not material.

The trial was to the court without a jury, and the judgment was in plaintiff's favor; the items making up the whole amount being stated in the judgment as follows: $290, same being the value of 29 head of cattle at the date of their conversion on June 1, 1921, with interest on that amount at the rate of 6 per cent. per annum from the date of conversion; $250, same being a reasonable attorney's fee to be allowed plaintiff in this suit; "and the sum of $100, the same being the reasonable value of the use of said cattle to plaintiff, the loss of time, expenses incurred in attending court, and other things occasioned by reason of the conversion of said 29 head of cattle by defendant."

The trial court did not file findings of fact and conclusions of law, apart from those stated in the judgment, as we have shown them. We find, however, that the evidence, as shown by the record, was clearly sufficient in all respects to warrant the trial court's conclusion that the appellant was guilty of the conversion of 29 head of cattle belonging to the community estate of plaintiff and her deceased husband, and that they were of the value of $290 at the time of conversion, as recited in the judgment.

It is appellant's first contention that since it was authorized by the chattel mortgage covering the cattle to take possession of and sell them to pay the note of V. L. Lilley, it acted within its legal rights in taking and selling them, and that therefore there could be no conversion in what it did.

[1] It is true, and we find as a fact, that the chattel mortgage given to secure the note expressly provided that appellant might take and sell the cattle, as it did, in the event of Lilley's failure to pay the note when due; but Mrs. Lilley, who was at that time the wife of V. L. Lilley, did not sign either the note or the chattel mortgage. This being true, upon Lilley's death, his estate being insolvent, which fact the evidence was sufficient to show, the right of the widow and the minor children to the cattle covered by the mortgage was superior to the lien claimed by appellant under the mortgage, and Lilley's death, under such circumstances, revoked the authority conferred upon appellant by the mortgage to take possession of and sell the cattle in payment of its note. Article 3422, Revised Statutes; Hedeman v. Newnon, 109 Tex. 472, 211 S. W. 968.

Appellant being without authority to take from Mrs. Lilley the cattle and sell them as it did, it was guilty of their conversion, and was liable to appellee for their value at the time of the conversion, with interest on that value, as was held by the trial court, and all of appellant's contentions to the contrary are overruled.

[2] This brings us to appellant's assignment which challenges the action of the court in allowing appellee recovery of attorney's fees in the sum of $250. Ordinarily, attorney's fees incurred by a party to a litigation are not recoverable against his adversary, either in an action of tort or one upon contract, unless so provided by statute, or by contract of the parties themselves. In Sherrick v. Wyland, 14 Tex. Civ. App. 299, 37 S. W. 345, it was said:

"It has often been ruled, in this state and elsewhere, that fees of counsel, incurred in prosecuting a suit for or defending against a wrong, are not ordinarily recoverable as actual damages, because they are not considered proximate results of such wrong."

The court cites a number of Texas authorities, and then proceeds as follows:

"In cases where the wrong consists of a malicious act, or the perpetration of a fraud, in which punitory damages are claimed, evidence of such losses is admissible to be considered by the jury in determining the amount which should be allowed as such damages."

In Alexander v. Walker (Tex. Civ. App.) 239 S. W. 309, the court said:

"We find some difficulty in affirming that part of the judgment for attorney's fees. They are not ordinarily recoverable as a proper element of damages in cases of tort growing out of breaches of contract or warranties. The courts, however, have allowed such recoveries in the form of exemplary damages, or penalty in cases of willful fraud. It is true in this case the court * * * submitted the issue to the

jury, and they found in favor of appellee's contention. But is the evidence sufficient to support such finding? It is true that the evidence supports a finding of fraud and deceit, sufficient to predicate a rescission of the contract and permit recovery of damages resulting to appellee therefrom, but does it show such element of willful fraud and deceit practiced as to warrant the allowance of attorney's fees as punishment?"

The court proceeded further to hold that the evidence was not sufficient to warrant a finding by the jury that the fraud claimed to have been willfully perpetrated in that case was so perpetrated, and reversed the judgment as to the allowance of attorney's fees. [3] As we have shown above, the claim for attorney's fees by the plaintiff in this case was predicated upon the theory that the conversion of the cattle by appellant was malicious and was done to harass and annoy appellee. And in the brief of counsel for appellee, it is argued that the evidence in this case was sufficient to show that the conduct of appellant in taking possession of the cattle and selling them was malicious on its part and done in a high-handed and "I'll show you" manner, and that therefore the trial court was correct in allowing the sum of $250 as attorney's fees to the appellee. We have searched this record very carefully with a view to ascertaining whether this contention can be sustained. The facts in this connection may be stated, in substance, as follows:

Shortly after the death of V. L. Lilley, appellant wrote a letter to Mrs. Lilley, calling her attention to the fact that it held Mr. Lilley's note which was due and unpaid, and requested her to either pay or make arrangements for renewal of the note. To this letter Mrs. Lilley replied very briefly, stating, in substance, that she had no means with which to pay the note, and that there would be no use in renewing it or giving it further attention, and that she would not pay it. In reply to this letter from her, the bank wrote Mrs. Lilley expressing surprise at her attitude and calling her attention to the fact that the bank had been lending money to Mr. Lilley a number of years, which he had always paid back, and that the note which it then held was for money borrowed by Mr. Lilley, which the bank presumed she had gotten the benefit of, as well as himself, and it again requested Mrs. Lilley to give attention to the note. Mrs. Lilley replied to this letter more at length than she had done in the first instance, and explained to the bank that she had nothing with which to pay the note, but that she would be glad to do so if she was able, but again stated that it was impossible, and there the matter rested. After this, the bank proceeded, under the authority conferred upon it by the provision in the mortgage, to collect and take possession of the cattle, and employed agents for that purpose, one of whom, before attempting to gather the cattle, went to Mrs. Lilley in person and informed her that he was employed by the bank to gather the cattle, and stated to her that the bank claimed to have a mortgage on the cattle. Mrs. Lilley told this agent, in substance, that the cattle were under mortgage to another bank, and that she could not understand how both banks could be paid out of the cattle, but that if the bank had a right to take them, she had nothing further to say. This was, in substance, the conversation had between Mrs. Lilley and the bank's agent. The parties who were after the cattle then went ahead and gathered them, and the bank sold the cattle at the best market price available, as found by the trial court. The cattle were very weak and poor at the time, and the undisputed testimony showed that $10 a head all around was their fair and reasonable market value. We fail to see in this any evidence of malice or overbearing conduct on the part of the bank or its agents in taking possession of the cattle; but, on the contrary, it is manifest that the bank took the cattle under its claim of right to do so by reason of the express provision to that effect in the chattel mortgage. Therefore, under the authorities of this state, as we construe them, appellee's attorney's fees in this case could not be adjudged against appellant, either as an element of actual damages or of exemplary damages, and the trial court was in error in allowing appellee such recovery.

[4] Appellant further contends that the award of $100 to appellee, "the same being the reasonable value of the use of said cattle to plaintiff, the loss of time, expenses incurred in attending court, and other things occasioned by reason of the conversion of said 29 head of cattle by defendant," was erroneous, because, under the facts of this case, she was not entitled to recover the same as an element of damages, either exemplary or actual, but was confined, if entitled to recover at all, to a recovery of the actual value of the cattle at the time of their conversion, with interest thereon at the legal rate from the time of conversion, and we must sustain this contention. As we have already shown, there was no evidence in this case of any malicious purpose or conduct on the part of appellant or any of its agents connected with the taking and sale of the cattle, but the claim of appellant was under its right to take them, as conferred by the express provision of the chattel mortgage. This being true, there could be no basis for recovery in any amount, because of annoyance to appellee or because of her loss of time or because of her expenses incurred in attending court, or "because of any other things occasioned by reason of the conversion of said 29 head of cattle by defendant."

Just what these other things were is not disclosed by the pleadings or suggested by the evidence. As to the value of the use of the cattle, it is clear from the facts in this case that appellee's measure of recovery was the value of the cattle at the time of their conversion, with legal interest on that value from the date of the conversion to the time of the trial, and that was awarded her by the judgment. Ordinarily, in a suit for the conversion of personal property, where the plaintiff is successful in sustaining his contention, his measure of damages as fixed by law is the value of the property converted at the time of conversion, with interest thereon at the legal rate. In some instances, by reason of the peculiar character of the property converted, it has been held in this and some other jurisdictions that interest on the value of the property converted, at the legal rate, would not afford adequate compensation for the injury sustained by the plaintiff by reason of the conversion. Such instances have been rare, and this is not one of them; but upon the facts of this case the general rule is applicable, and the plaintiff's measure of damages was the value of the property at the time of conversion, with legal interest thereon, as found by the court and allowed.

It follows from what we have said that the trial court's judgment should be here so reformed as to allow the appellee judgment against appellant in the sum of $290, the value of the cattle at the time they were converted, with interest on that value from the 1st day of June, 1921, at the rate of 6 per cent. per annum until paid, and that so much of the judgment as allows her attorney's fees in the sum of $250, and the item of $100 should be set aside and such recovery denied to appellee, and the judgment of this court will be so entered.

Reformed and affirmed.