**VILBIG et al. v. FAISON.** (No. 7128.)

Court of Civil Appeals of Texas. Austin.
May 18, 1927.

Rehearing Denied June 8, 1927.

1. **Chattel mortgages** ⬀138(1)—Buyer from purchaser at sale under storage and labor lien takes truck subject to prior registered chattel mortgage.

    Buyer of truck from one who purchased it at sale by one in possession for satisfaction of a storage and labor lien takes it subject to a prior registered chattel mortgage.

2. **Chattel mortgages** ⬀157(3)—Evidence held insufficient to take to jury question of chattel mortgagee's alleged waiver of mortgagee's priority over laborer's lien.

    Evidence *held* insufficient to take to jury question of chattel mortgagee's waiver of priority of his lien over lien claimed for storage and repairs by one in possession, where neither the terms of the mortgage nor act of mortgagee granted authority to make repairs.

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Chattel mortgages ⚍138(1)—Chattel mortgagee's alleged laches in foreclosing held not defense to suit against buyer at sale under junior lien.**

Defense of chattel mortgagee's alleged laches in foreclosing mortgage on truck before buyer at sale under laborer's junior lien had expended money in repairing it *held* without merit; buyer having made the improvements at his peril.

**4. Appeal and error ⚍1060(4)—Argument of plaintiff's counsel held harmless, if improper, where jury found sole issue as pleaded and proved by defendants.**

Argument to jury by counsel for chattel mortgagee, seeking judgment for value of mortgaged property wrongfully replevied by defendants, *held* harmless, if improper, where the sole question for the jury was truck's value, and jury found its value in amount pleaded and proved by defendants.

**5. Appeal and error ⚍688(3)—Court of Civil Appeals will not consider assignment of jury's alleged misconduct not shown by statement of facts.**

Assignment of error for alleged misconduct of the jury will not be considered by the Court of Civil Appeals, where not shown by statement of facts.

**6. Appeal and error ⚍907(2)—Court of Civil Appeals will assume evidence justified county court in overruling plea in abatement, where evidence is not in record.**

Where the evidence adduced on a plea in abatement in the county court filed soon after commencement of the suit is not in the record, the Court of Civil Appeals will assume that it sustained the trial court's order overruling the plea.

**7. Courts ⚍169(1)—County court need not vacate former order overruling plea in abatement, when, on trial, jury finds value above its jurisdiction.**

The county court is not required to vacate a former order overruling a plea in abatement, when, on the trial, the jury finds the value of the property involved to be above the court's jurisdiction; nor is the defendant entitled to urge the objection, since the issue was already tried and determined.

### On Motion for Rehearing.

**8. Appeal and error ⚍759—Court of Civil Appeals will not consider propositions not predicated on assignments of error in transcript, even though in brief which fails correctly to copy motion for new trial (Vernon's Ann. Civ. St. 1925, art. 1844).**

Court of Civil Appeals will not consider propositions not predicated on any assignment of error found in the transcript, even though the questions are presented in the brief, where the motion for new trial is copied in the transcript as assignments of error, and the briefs fail correctly to copy the grounds of the motion, under Vernon's Ann. Civ. St. 1925, art. 1844, providing that assignments in motion for new trial need not be repeated by separate filing.

Appeal from Dallas County Court, at Law, No. 2; Wm. M. Cramer, Judge.

Action by J. H. Faison against John Vilbig and another. Judgment for plaintiff, and defendants appeal. Affirmed, and motion for rehearing overruled.

Wilson & Biggers, of Dallas, for appellants.

Claude C. Westerfeld, of Dallas, for appellee.

BLAIR, J. Appellee, J. H. Faison, sued appellants John and August Vilbig, alleging that he sold one F. A. Waters a 3½-ton Master truck for part cash and part credit as evidence by Waters' eight notes for $100 each, and one note for $50, and secured by a chattel mortgage on the truck; that the notes were due and unpaid; that Waters was notoriously insolvent and his whereabouts was unknown; that appellants had possession of the truck and were claiming some interest therein; that the value of the truck was $900; and appellee prayed judgment in rem against the truck and for foreclosure of his mortgage lien thereon. He also alleged that appellants replevied the truck on April 14, 1925, in a sequestration proceeding commenced by himself, and prayed judgment against them and their bondsmen for its value as of that date, conditioned as required by statute in such cases. The jury found in answer to a special issue submitted that the truck was of the value of $1,500 on the date appellants replevied it, and judgment was rendered for appellee for $750 on his notes in rem against the truck and for a foreclosure of the mortgage lien thereon, and against appellants and their bondsmen on the replevy bond, conditioned as required by statute in such cases and by the terms of the bond.

Appellants attack the judgment by numerous assignments and propositions, but the following questions are determinative of the appeal:

[1] 1. Appellants pleaded that mortgagor Waters left the truck with Burton-Cabeen Company, on July 19, 1922, in a run-down condition and for repairs; that Waters abandoned the truck and Burton-Cabeen Company sold it on November 13, 1923, to one McGraw, from whom appellants bought the truck for $150, in satisfaction of the storage and laborer's lien thereon; and that the laborer's lien thus acquired was superior to that of appellee's prior recorded mortgage. This question is definitely settled against appellants' contention by the case of Commercial Credit Co. v. Brown (Tex. Com. App.) 284 S. W. 911, which holds that a mechanic's or laborer's lien for repairing an automobile in his possession is not superior to a prior registered mortgage on the automobile. Hedeman v. Newnom, 109 Tex. 472, 211 S. W. 968; American, etc.; Co. v. Nichols, 110 Tex. 4, 214 S. W. 301.

[2] 2. Appellants also pleaded that the

---

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mortgage expressly or impliedly authorized the mortgagor or owner to repair the truck and that appellee had by acts, conduct, and silence waived his mortgage lien and was estopped to assert it as being superior to the mechanic's or laborer's lien for the costs of repairs thereon. The testimony on the issues is undisputed and shows that there was no such waiver, and the court correctly refused to submit to the jury the requested issues covering this phase of appellants' pleadings. The only evidence on the issue was that of a mechanic employed by Burton-Cabeen Company, who testified that appellee came into the shop while he was repairing the truck; that he did not know whether appellee saw the truck; and that he did not say anything to him about it. Cabeen, a member of the company, testified that he did not know appellee and had never seen him until the day of the trial of this case; that he wrote him a letter long after the repairs had been made, telling him that he was going to sell the truck for his storage and repair bill; that he understood appellee held a mortgage on the truck and would like for him to come and settle the matter. This evidence would not support a waiver of the mortgage lien in favor of the laborer's lien, and there is nothing in the language of the mortgage which would do so.

[3] 3. Appellants further pleaded that appellee was guilty of negligence in not locating and taking possession of his truck under his mortgage before Burton-Cabeen Company sold it and before appellants expended about $1,400 rebuilding it. This is no defense to appellee's right to foreclose his mortgage lien. The law is too well settled to necessitate discussion or citation of authorities that one who purchases personal property on which there is a valid registered mortgage lien does so at his peril and that any repairs or improvements placed on the chattel are at his peril, except in those cases covered by statutory law. And there is no evidence upon which the jury could have based a finding that appellee was guilty of laches in not discovering the truck and foreclosing his lien thereon sooner than he did do so.

[4, 5] 4. Several complaints are lodged against the judgment because of improper argument of counsel for appellee to the jury and because of alleged misconduct of the jury while deliberating on their verdict. Neither of these complaints is sustained. There was no issue of fact that should have been submitted to the jury, except as to the value of the truck on the date appellants replevied it. The jury found its value to be what appellants' witness, about whom the alleged improper argument was made, testified its value was, and which was the value appellants by pleadings placed on the truck. Therefore, if the argument was improper, the record clearly shows that no injury resulted from it, and the contention is without merit. With reference to the alleged misconduct of the jury, there is no statement of facts accompanying the record as to what the misconduct was, and therefore the assignment cannot be considered.

[6, 7] 5. Appellants further complain that the court erred in overruling their sworn plea in abatement to the jurisdiction of the court, because the jury found the value of the truck on which the mortgage was sought to be foreclosed to be $1,500, which amount is above the jurisdiction of the county court. The plea in abatement was filed soon after the suit was filed and the court heard evidence on the issue and overruled it. The evidence adduced on the issue is not in the record, and, in absence of it, we must presume that it sufficiently sustains the trial court's order. Appellants' contention that the trial court should have set aside its former order when the jury found the value of the truck to be $1,500, is wholly without merit. Appellants did not again urge the plea on the trial of the case, and would not have been entitled to have again urged it, because a trial of issues had already been determined against them. Tynberg v. Cohen, 76 Tex. 409, 13 S. W. 315.

We find no error in the judgment, and it is affirmed.

Affirmed.

### On Motion for Rehearing.

[8] Appellants' proposition that the trial court erred in permitting appellee to introduce in evidence a certified copy of the chattel mortgage in suit without having filed same in the cause before announcement of ready for trial as required by article 5493, R. S. 1925, and their proposition that the court erred in permitting appellee to prove the notes in suit and secured by the mortgage, without laying a sufficient and proper predicate that the notes were lost, were not considered in the original opinion, and cannot now be considered, because they are not predicated upon any assignment or assignments of error found in the transcript. It is true that assignments 10 and 11 in appellants' brief present the questions; but these assignments are supposed to be paragraphs 13 and 14 of appellants' motion for a new trial which were copied in the transcript as assignments of error, and which do not contain either of the matters mentioned. It is too well settled to necessitate discussion that, where the motion for a new trial is copied in the transcript as assignments of error, the assignments of error in the brief must correctly copy the grounds of said motion; otherwise, they cannot be considered. Article 1844, p. 74, 4 Vernon's 1925 Annotated Statutes.

We find no assignment or proposition presented either in the original brief or the motion for a rehearing which points out any error requiring a reversal of this case, and the motion is therefore overruled.

Motion overruled.