**MASSEY et al. v. CITIZENS' NAT. BANK et al.**

**No. 12295.**

Court of Civil Appeals of Texas. Fort Worth.
March 29, 1930.

Rehearing Denied May 3, 1930.

F. O. McKinsey, of Weatherford, for appellants.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellees.

CONNER, C. J.

J. E. Massey and wife, Martha Massey, both now deceased, in their lifetime owned in community and by fee-simple title 160 acres of land situated in Parker county, upon which they lived as their homestead. Martha Massey, the wife, died on May 22, 1906, leaving J. E. Massey, her husband, and six children by their marriage, all of whom were living. After Mrs. Massey's death, J. E. Massey continued to occupy and live on and use said land with his family as his homestead, and the same was his homestead continuously up to the time of his death, which occurred on January 7, 1928. One of the children, to-wit, Mabel Massey, was born on the homestead in question and lived thereon as a constituent member of her father's family until his death, and yet remains thereon, claiming the right to occupy it as the survivor of her father's family. All other children of the family have either married or removed from the homestead. Mabel attained her majority prior to her father's death and has never been married.

This suit was instituted by Mabel Massey and the other children and grandchildren of J. E. and Martha Massey, alleging, among other things, that J. E. Massey, on the 13th day of February, 1922, after the death of his wife, Martha Massey, executed a note in the principal sum of $550, with interest, to secure which a deed of trust covering J. E. Massey's undivided five-twelfths interest in the homestead tract (he theretofore having conveyed one-sixth of his undivided interest to a son, as to whom the disposition below is not questioned) was executed and duly recorded. No attack is made upon the form or bona fides of the debt thus created by J. E. Massey, the note and trust deed having been given to secure the payment of borrowed money. It is undisputed that at the time of the trial the appellee was a good-faith holder and owner of the note and trust deed referred to. The plaintiffs prayed that the asserted lien of appellee bank be canceled and removed as a cloud upon the title of the land involved, and that upon a cancellation of the lien the court appoint a receiver for the sale of the homestead and the proceeds partitioned among the plaintiffs, it being alleged that the homestead was incapable of partition; or, in the alternative, should cancellation be denied, that its enforcement be held in abeyance so long as Mabel Massey chose to occupy the premises as her homestead.

The trial was before the court without a jury, and resulted in a judgment in favor of appellee bank for the sum of $876.97, with a foreclosure of the trust deed lien given to secure the note, executed by said J. E. Massey. The foreclosure of the lien was confined to a five-twelfths interest in the homestead, it being ordered that the receiver appointed should sell the land, and, so far as necessary, apply a five-twelfths interest in the proceeds in discharge of appellee's judgment, with interest and costs, and that the remainder of the proceeds be apportioned to the plaintiffs in accord with their respective interests as stated in the petition, about which there is no controversy.

From the judgment so entered, the plaintiffs below have prosecuted this appeal.

The entire details of the transactions referred to were agreed to by counsel and embodied in the trial court's conclusion of fact. We, however, have above stated, but briefly, such circumstances as we think necessary to an understanding of our conclusion.

■■ Appellants concede, as we think must be conceded, that J. E. Massey, at the time and under the circumstances he executed and delivered the note and trust deed above mentioned, was empowered to do so, and that those instruments constituted a valid obligation, which, it is further conceded by appellants, might have been enforced during the lifetime of J. E. Massey. See Spencer v. Schell, 107 Tex. 44, 173 S. W. 867, and cases therein cited; Lacy v. Rollins, 74 Tex. 566, 12 S. W. 314. Nor do we think it can be said that the debt evidenced by the note or the power to sell conferred by the trust deed abated upon the death of J. E. Massey. Indeed, no such contention is made on this appeal. See Wiener v. Zweib, 105 Tex. 262, 141 S. W. 771, 147 S. W. 867. The questions and the only questions for our determination, as we understand the record, are: (1) Whether the homestead lands in question upon the death of J. E. Massey descended to and vested in the plaintiff heirs, free from the debt and trust deed lien claimed by the appellee bank; and (2) if not, whether Mabel Massey, the adult unmarried daughter, has the right to continue the occupation of the homestead so long as she chooses, during which time the debt and lien of appellee, if any, must be held in abeyance.

Article 16, § 50, of our Constitution, provides that: "The homestead of a family shall be, and is hereby, protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon. * * *"

In title 54, Rev. Civ. Statutes of 1925, relating to the estates of decedents, it is provided in article 3485 of the title that: "At the first term of the court after an inventory, appraisement and list of claims have been returned, the court shall by an order entered upon the minutes, set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate as may be exempt from execution or forced sale by the constitution and laws of the State with the exception of any exemption of one year's supply of provisions."

Article 3496 of the same title provides that: "The homestead shall not be partitioned among the heirs of the deceased during the lifetime of the widow, or so long as she may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted under the order of the proper court having jurisdiction, to use and occupy the same."

Article 3497 provides that: "When the widow dies or sells her interest in the homestead, or elects to no longer use or occupy the same as a homestead, and when the proper court no longer permits the guardian of the minor children to use and occupy the same as a homestead, it may be partitioned among the respective owners thereof in like manner as other property held in common."

Article 3499 reads: "The homestead shall not be liable for the payment of any of the debts of the estate, except for the purchase money thereof, the taxes due thereon or for work and material used in constructing improvements thereon; and in this last case only when the work and material are contracted for in writing, with the consent of the wife, given in the same manner as required in making a sale and conveyance of the homestead."

Article 3501 provides: "On the death of the wife, leaving a husband surviving, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of such surviving husband, or so long as he may elect to use or occupy the same as a homestead."

Article 3492 declares: "No property upon which there is a valid subsisting lien or encumbrance, shall be set apart to the widow or children as exempt property, or appropriated to make up allowances made in lieu of exempt property, or for the support of the widow or children, until the debts secured by such liens are first discharged. This article applies to all estates whether solvent or insolvent."

■■ It seems to us, under the undisputed facts and admissions made in behalf of appellants, that the trial court arrived at the proper conclusion. The constitutional exemption is to the "head of the family" and does not extend by its terms to an adult unmarried daughter after the death of both parents. See White v. Small, 22 Tex. Civ. App. 318, 54 S. W. 915, writ refused; First National Bank of Orange v. Sokolski, 62 Tex. Civ. App. 324, 131 S. W. 818; Ashe v. Yungst, 65 Tex. 631.

In this case both parents died intestate, and there was no administration, and hence no order entered upon the minutes, as provided for by article 3485, nor at the time of the death of the father did there remain any minor constituent members of the family, so as to bring the case within the purview of article 3496. Article 3501 relates to the estate of the deceased wife, which is not involved in this case. In this connection we might also refer to article 3492, which in express terms provides that no property upon

which there is a valid subsisting lien or incumbrance shall be set apart to the widow *or children* until the debts secured by liens are first discharged. It is to be noticed also that by article 3497 it is stated that, when a widow dies or sells her interest in the homestead, or elects to no longer use or occupy the same as a homestead, and when the court no longer permits the guardian of the minor children to use and occupy the same as a homestead, it may be partitioned among the respective owners thereof in like manner as other property held in common. We find no article of the statutes in like terms referring to the husband, and we will not by implication deny the husband a like power.

The lien given by J. E. Massey, the husband, was not upon property belonging to the estate, but upon property which, under the terms of the statutes, belonged to him and which, as conceded, he could lawfully convey or incumber. Appellants cite numerous cases in which it has been held that the homestead upon the death of the husband and wife immediately descends to and vests in the heirs, free of all debts against the estate. But we think upon examination it will be found that all such cases have reference to the general indebtedness of the community estate as distinguished from the individual indebtedness of a survivor.

In conclusion, we think the substance of the matter is that, at the time of the creation of the debt and lien in question, J. E. Massey was an adult unmarried person having an undoubted right to convey or incumber his undivided one-half interest in the homestead, and, in the absence of minor children, abandon, if he chose to do so, a continuing right to occupy the deceased wife's interest. The appellee bank in no way waived or forfeited its right to the debt or lien claimed by it, and we think it beyond the power of the courts to destroy or abridge such rights, in the absence of concurrent constitutional or legislative enactments so providing. See Hedeman v. Newnom, 109 Tex. 472, 211 S. W. 968; Stanley Estate v. First National Bank of Cooper (Tex. Civ. App.) 24 S.W.(2d) 440.

We accordingly adopt the trial court's conclusions of fact and law and affirm the judgment below.