## LYNCH v. FIRST NAT. BANK OF NEVADA et al.

### No. 11003.

Court of Civil Appeals of Texas. Dallas.
April 30, 1932.

Rehearing Denied May 28, 1932.

H. M. Wade, of Rockwall, for appellant.

W. R. Abernathy and W. P. Abernathy, both of McKinney, for appellees.

LOONEY, J.

Lula Lynch sued the First National Bank of Nevada, Collin county, and W. F. Boyd (suit dismissed by plaintiff as to others) to recover 140.4 acres of land situated in Collin county, and this appeal is from a judgment of dismissal, rendered after the court sustained general demurrers to plaintiff's petition.

In the first count of her petition, plaintiff alleged the statutory action of trespass to try title, but this was followed by allegations specially pleading the title relied upon. The case made by the special plea was to the effect that plaintiff, a feme sole and head of a family, owned in her own separate right the land in controversy; that the same was the homestead of herself and family, and was used and occupied as such at the time she executed the instruments hereinafter mentioned, of all of which facts defendants had knowledge. She alleged the giving of three trust deeds on the land, two dated December 5, 1921, in favor of the Texas Farm Mortgage Company, to secure a loan of $3,000, and certain commission and interest notes; that the money borrowed, or a major portion, was used by plaintiff to pay her existing indebtedness; that the other trust deed, dated about January 27, 1927, was in favor of the First National Bank of Nevada, given to secure her indebtedness to the bank in the sum of $1,430, and that about January 1, 1929, she conveyed the land by general warranty deed to the bank in consideration of the settlement in full of the indebtedness to the loan company and the bank, as above set out, and that the land was subsequently conveyed by the bank to defendant Boyd.

Plaintiff sought to have this deed set aside and canceled on allegations to the effect that George Jones, an agent of the bank, represented to her: "* * * That all these trust deeds as above set out were legal and valid liens against the said lands and premises and that unless the plaintiff executed the said deed to defendant, The First National Bank, of Nevada, Texas, that he, Jones, for said bank, would go to McKinney and bring suit for a large amount and would sell her home and take it away from her and that if she would deed said lands to said bank that the bank would sell the land and pay back to plaintiff such sums as said lands and premises could be sold for above amount that she owed the bank, when in fact and in truth the said George Jones and the defendant bank knew that said trust deed was void and of no force and effect as against plaintiff's homestead, but knowing the influence that a banker had over an ignorant negro woman and taking advantage of her trust and confiding faith in said agent of the bank, Geo. Jones, for the benefit of said defendant bank, sought this means of taking the said lands unlawfully from the plaintiff by inducing her to execute said deed to said bank and plaintiff, trusting in the honesty and fair dealing with said defendant bank and its agent, Geo. Jones, relied upon such false representations and deceptive promises and reluctantly executed and delivered said deed to defendant

bank and plaintiff says that said deed was obtained through fraud and deception wilfully and knowingly and purposely practiced upon plaintiff by the said agents of the defendant bank, in order to get possession of said above described lands and premises."

Plaintiff further alleged: "* * * That she would not have moved off of said premises or executed the deed to the defendant bank as aforesaid but for the confiding faith she had in the officers of said bank by its representatives and agents and attorneys by false and fraudulent representations made to her to the effect that she,. the plaintiff, had no rights in same, that the said bank was going to foreclose its trust deed and take same and the trustee also notified her that unless she deeded same to the defendant bank that he, the said trustee, would foreclose and take same away from her,·and she believed these false and fraudulent representations and made said deed. * * *"

■ Plaintiff relied in the court below, and relies here on the sufficiency of her special plea setting up title, hence the correctness of the action of the court in sustaining general demurrers and in dismissing plaintiff's cause will turn on that question. The rule seems to be well settled that, in actions for the recovery of land, where a plaintiff alleges the statutory action of trespass to try title, also specially pleads his title, and the special plea fails to allege a cause of action, a general demurrer to the petition, as a whole, should be sustained. See Snyder v. Nunn, 66 Tex. 255, 18 S. W. 340; McDonald v. Red River, etc., 74 Tex. 539, 12 S. W. 235; Herndon v. Hayter (Tex. Civ. App.) 28 S.W.(2d) 885.

■ Plaintiff's contention is that, under the Constitution and statutes, she could not create valid liens upon her homestead for the purposes for which they were attempted, hence the trust deeds executed by her are void; that she was induced to convey the land to the bank on the fraudulent representations of an agent of the bank, to the effect that the trust deeds were valid and subsisting liens on the land, and that, unless she made the conveyance in satisfaction of the indebtedness, foreclosure proceedings would be instituted. The essence of the inducing fraud alleged is that the agent of the bank represented that the void liens were valid and enforceable, and, relying upon the truthfulness of said representations, she executed the deed in satisfaction of the liens to prevent foreclosure proceedings. It is obvious that the gravamen of the charge of fraud is based upon the alleged representations of the bank's agent that the trust deeds were valid, when in truth they were not; this is shown by a passage from the written argument for appellant, as follows, appellant says: "If the trust deeds sought to be invalidated are held to be valid, then of course the fraud alleged in procuring the deed to appellee bank becomes of no consequence"; so the real question is this, Were the trust deeds executed by plaintiff, for the purposes named, invalid? We think not. Plaintiff owned the land and could, in our opinion, create valid liens thereon, although the land constituted the homestead of the family of which she was. head. Under circumstances similar in all material respects to the instant case, our courts have repeatedly held that section 50 of article 16 of the Constitution, protecting the homestead from forced sale for the payments of all debts, except, etc., and declaring void mortgages, trust deeds, or other liens thereon, except, etc., whether created by the husband alone, or together with his wife, does not invalidate a mortgage, trust deed, or other lien created by an unmarried person on his or her homestead. See Lacy v. Rollins, 74 Tex. 566, 12 S. W. 314; Smith v. Von Hutton, 75 Tex. 625, 13 S. W. 18; Spencer v. Schell, 107 Tex. 44, 173 S. W. 867, and authorities cited; Massey v. Citizens' National Bank (Tex. Civ. App.) 28 S.W.(2d) 257; Harris v. Hamilton (Tex. Com. App.) 221 S. W. 273. Counsel for appellant seems to rely upon the doctrine announced by the Supreme Court in Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.(2d) 35, to sustain his contention, but, after a careful reading, we fail to find anything either expressed or implied in the doctrine there announced that militates against the rule announced in the cases above cited.

■ Plaintiff alleged further that the bank promised, if she would make the conveyance, to sell· the land to the best advantage and pay her the proceeds remaining after satisfying the existing indebtedness, but no allegation was made as to the amount the bank received for the land, nor did plaintiff seek any alternative relief in this respect. If it be true that the bank obligated itself as alleged, and breached the obligation, that fact would furnish no ground for the cancellation of the deed, but, on proper allegation and proof, plaintiff would be permitted to show that the bank was at fault in failing to handle.the land to the best advantage, and that she was damaged thereby, or that the sale actually made brought a surplus after satisfying existing indebtedness. We express no opinion in regard to these matters, and mention same to forbid the idea that our affirmance of the judgment is to be given a construction prejudicial to plaintiff's right, if any she has under the issue just mentioned.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.