LILA SWEARINGEN v. WALTER WILLIAMS, EXECUTOR, ET AL.

Decided March, 26, 1902.

**1.—Power of Sale—Administration—Decedent's Estates.**

Where administration of an estate by an independent executor under a will is still pending, a power of sale in a deed of trust given by the deceased can not be executed, although four years have elapsed since the latter's death.

**2.—Res Adjudicata—Judgment—Parol Evidence.**

Parol evidence is not admissible to show that a judgment in trespass to try title did not really adjudicate the title, and the statement of facts filed in the case, when offered in another case in support of the plea of res adjudicata, is extrinsic evidence, and no better than parol.

Appeal from Washington.   Tried below before Hon. Ed R. Sinks.

*R. J. Swearingen,* for appellant.

*W. C. Henderson,* for appellee.

JAMES, CHIEF JUSTICE.—The petition, filed August 19, 1899, was in the ordinary form of trespass to try title. Defendants pleaded general denial and not guilty, and specially res adjudicata by alleging a former judgment in favor of defendants by the District Court between the same parties in an action of trespass to try title on March 8, 1895. The district judge before whom the cause was tried without a jury gave judgment for defendants.

Conclusions of fact so far as are necessary for the disposition of the case according to our views are as follows:

John Hood was the common source of title. On January 10, 1886, he gave a deed of trust on lot in dispute to secure his note for $118.44, money loaned him by J. T. Swearingen. The only payments on said note were of interest up to January 1, 1890. Hood died in 1892, his will being probated October 7, 1893, and defendant Walter Williams qualified as independent executor of his will on same date. He is still acting as such executor and the administration is not closed. In 1895 R. M. Swearingen et al., executors of the estate of J. T. Swearingen, sued executor and the devisees of Hood on said note and to foreclose the lien, but took a nonsuit therein. On May 8, 1895, they caused a sale to be made under said deed of trust, and the trustee in such proceeding made a deed to the property to R. J. Swearingen, who deeded it to A. E. Flewellen, who in fact merely held the title for R. M. Swearingen's estate. On August 8, 1895, Flewellen brought suit for the lot in trespass to try title against Hood's executor and devisees. The pleadings of both parties in the proceeding were the ordinary pleadings in such action. Judgment went for defendants. A statement of facts and appeal bond were filed therein, but the appeal was abandoned. On April 21, 1897, the Swearingen estate was divided and said note became the property of Lila Swearingen, the appellant here, and on August 1,

1899, she caused another trustee's sale to be made under said deed of trust, at which sale she became the purchaser. Upon this trustee's deed to her she bases her right to the property.

We have not the benefit of any conclusions of law by the trial court. The case is briefed by appellee upon the sole theory that the former judgment was a bar to plaintiff's recovery. Upon the part of appellant the case is briefed upon the theory that said judgment is no bar; and she through her counsel says that no issue of title was tried in said former action,—that the case went off on the fact that the first sale under said deed of trust was premature and void, having been made within four years after Hood's death, and insists on her right to show, by said statement of facts and by oral testimony (all of which the court excluded) that such was the only matter determined in that action. That the former action adjudicated only the above mentioned matter, that the note for which the deed of trust was given is unsatisfied, and the trustee's deed to plaintiff in 1899, these matters plaintiff claims entitled her to judgment.

We have been unable to gather from the decisions in this State any such rule as that where there is an administration of an estate under a will in charge of an independent executor and not yet closed, that a power of sale contained in a deed of trust given by the deceased may be executed after four years from the latter's death. It seems to be taken for granted by appellant's counsel that such is the law from what is said in the case of Rogers v. Watson, 81 Texas, 403. We do not so understand the decision. In that case no administration of any kind had been taken out, and it was held that after the lapse of four years the power could be executed, the debt involved being vendor's lien notes. The main reason for this ruling was that there had been, and after that period there could be, no administration upon the estate of the decedent; and we believe that if the debt had not been for purchase money the same conclusion could have been reached in that case.

The settlement of an estate through an independent executor is an administration. This is distinctly recognized in Roy v. Whitaker, 92 Texas, 346. It is there stated: "That article does not purport to withdraw the estate from the jurisdiction of the county court, but permits the testator to commit to his executor the performance of all acts in reference to the settlement of the estate without control of the court. The estate remains under its jurisdiction, the administration is still pending, but the court is restrained by the terms of the law from taking any action in regard to the settlement of the estate while the executor appointed by the will continues to discharge his duties. * * * The prohibition upon the power of the court arises out of the existence of a trustee to whom the testator has chosen to confide these powers, and when the trust lapses the limitation upon the exercise of judicial control ceases."

The right of priority of one class of claims over another according to law exists as well in either form of administration. There are condi-

tions which require the court to assume the administration and which may arise at any time, such as the death of the independent executor, his resignation, refusal to act, or his failure to give bond when required, etc. The usual mode of administering the estate is merely suspended for the time the independent executor is acting, and may be begun at any time and then be conducted as prescribed by the various provisions of our statutes regulating the settlement of the estate. The jurisdiction and powers of the court to settle the estate is always behind an independent administration. An administration by the court, through an administrator, has a potential existence while the independent executor is engaged in settling the estate, and therefore the reasons prohibiting the execution of a power of sale in a mortgage given by the testator are as applicable in one case as in the other. So long as the county court may lawfully appoint an administrator the right does not exist in a creditor to execute such a power.

Where no form of administration has been opened and the time has elapsed within which the court may lawfully appoint an administrator, there is no reason for denying the right to exercise the power. This is what was decided in Rogers v. Watson. Here there was an administration, and it could lawfully last more than four years, and the court could, upon the happening of any of the contingencies making it its duty to do so, appoint an administrator and continue the settlement of the estate. While this condition of things existed the creditor was, in our opinion, restrained from exercising the power of sale. The fact is shown by the testimony that the administration of the independent executor was still continuing.

Upon this view of the law plaintiff acquired no title by the trustee's deed to her, and judgment was properly rendered for the defendant upon that ground.

If we pursue the theory presented by the briefs we arrive at the same result. Appellant would have a plausible theory if it were the law that a trustee's sale could have been made after four years, but not within four years from the death of the testator. There is no such fixed rule of law. Appellant would then be right in contending that by the first trustee's sale no title passed, and that by the second trustee's sale title did pass. Her title would then not have accrued until after the judgment in the first action, and hence such judgment would have been no obstacle to the present action. But it is clear to us that the first sale was just as effective to pass title as the second one, for if the trustee could have sold at all, while the independent executor was administering the estate, he could have sold as well before the expiration of the four years as afterward. Upon this theory the estate of Swearingen would have taken title by the first sale, and acquired nothing by the last sale. The pleadings in the first action were in the ordinary form of trespass to try title and judgment upon these pleadings was for the defendant. It is not competent by extrinsic evidence to contradict this

judgment and to show that it was not the judgment rendered. Free-man v. McAninch, 87 Texas, 132; Ralkey v. Fowlkes, 89 Texas, 617. The parol testimony offered to show that the court really did not de-cide the question of title was inadmissible. The statement of facts filed in that cause would have been a part of the record for the purpose of an appeal from that judgment had it been prosecuted; but upon this plea of res judicata, it was extrinsic evidence and no better than parol.

The judgment is affirm(

*Affirmed.*