FERNANDEZ v. HOLLAND–TEXAS HYPOTEEK BANK OF AMSTERDAM, HOLLAND. (No. 6377.)

(Court of Civil Appeals of Texas. San Antonio. March 31, 1920. On Motion for Rehearing, May 12, 1920.)

1. **Husband and wife** ☞156 — **When wife is not personally liable on note signed by husband and wife.**

Wife could not be made personally liable on note signed by wife and husband in absence of showing that the money borrowed and deed of trust executed to secure note went for the benefit of her separate estate or for necessaries such as to subject her property.

2. **Executors and administrators** ☞7—**County court has no jurisdiction to settle accounts between independent executor and heirs and devisees.**

The management of an estate by independent executor is an administration under the law, and the County Court has no jurisdiction to settle accounts between him and the heirs and devisees.

3. **Executors and administrators** ☞7—**Independent executor may sell property to pay debts without an order.**

An independent executor has the right to sell property to pay debts without an order, whether such power is expressed in the will or not.

4. **Mortgages** ☞334—**Death of grantor of deed of trust revokes power of sale.**

While an independent estate is open and pending, no valid sale can be made of the mortgaged estate by a trustee in a deed of trust, since the death of the grantor revokes the power, and since the court in certain contingencies may take charge of the estate and appoint an administrator, precluding creditor from exercising the power of sale.

5. **Executors and administrators** ☞7 — **Court on intervention by independent executor in action to foreclose deed of trust held to have jurisdiction of all issues.**

In action on husband's and wife's note and to foreclose deed of trust securing payment thereof, where independent executor of deceased wife intervened, alleging that the property was subject to the payment of claims against the community estate, and alleging existence of claims to certain amount, and asking court to classify and pay claims out of proceeds of sale, the court having acquired jurisdiction had the right to hear, and finally determine every issue raised by the pleading and evidence, and to determine and classify any and all claims presented.

6. **Husband and wife** ☞269—**Priority of mortgage lien on community property not affected by death of either husband or wife.**

The death of either husband or wife does not affect the priority of a valid mortgage lien on their community property, or postpone it to subsequent unsecured debts against the community estate; such a lien being a vested right which cannot be destroyed by death or administration.

7. **Executors and administrators** ☞7 — **Deed of trust to secure husband's and wife's note held properly foreclosed as against intervening independent executor· of deceased wife.**

In action on husband's and wife's note and to foreclose a deed of trust on community property, in which the wife's independent executor intervened, alleging that the community estate was insolvent and asking to have creditors paid out of the proceeds of the sale, the district court had jurisdiction of all claims against the estate and their classification; and, where the deed of trust was a lien upon the community estate prior to other creditors, court properly decreed foreclosure to satisfy the indebtedness on note.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit by the Holland-Texas Hypoteek Bank of Amsterdam, Holland, against J. R. Fernandez, in which J. R. Fernandez, as independent executor, intervenes. Judgment for plaintiff, and intervener appeals. Affirmed.

F. C. Von Rosenberg and Hart & Patterson, all of Austin, for appellant.

D. H. Doom, of Austin, for appellee.

COBBS, J. Appellee brought suit against appellant to recover upon a promissory note given by J. R. Fernandez and wife, Ellen M. Fernandez, to appellee on December 1, 1915, for the sum of $3,500, due on or before five years after date, bearing 8 per cent. interest semiannually, providing that if interest was not paid when due it should become as principal and bear same rate of interest, and for 10 per cent. attorney's fees, and to foreclose deed of trust given by said J. R. Fernandez and Ellen M. Fernandez upon all of lots Nos. 16, 17, and A of Live Oak Grove, a subdivision of a part of the "Bunton Homestead," out of the Isaac Decker league, in Travis county, described by metes and bounds in plaintiff's petition.

Plaintiff alleges that both J. R. Fernandez and his wife, Ellen M. Fernandez, executed and delivered to the plaintiff the note and deed of trust; that the lots of land covered by the deed of trust was community property of said J. R. Fernandez and Ellen M. Fernandez, who died on the 1st day of September, 1916, leaving a lawful will, which had been duly admitted to probate in the county court of Travis county, Tex., and that the defendant, J. R. Fernandez, under the name of J. Richard Fernandez, was appointed sole and independent executor of said will, without bond, and that he "duly qualified as such independent executor" on October 7, 1916, "and is now acting as such"; that is, that Ellen M. Fernandez had died prior to the institution of the suit, and that her will had been duly probated and said J. R. Fernandez,

under the name of J. Richard Fernandez, had duly qualified as independent ' executor of said will prior to the institution of the suit, and that he was acting as independent executor at the time the suit was filed.

The suit was not brought against appellant in his representative capacity, but against him individually. However, appellant intervened in his representative capacity.

Appellant answered that the property covered by the mortgage was community property between himself and deceased wife, and, having been appointed independent executor of her estate before the institution of this suit, he was administering it as such. In the capacity of independent executor of her estate, under her will, duly probated, he filed a plea of intervention herein, setting up the fact that the note was a community debt and a charge against the property of the community estate of himself and deceased wife, and that the community estate was insolvent and the property was subject to the payment of claims against the community estate of himself and deceased wife, in accordance with their classification, alleging the first-class claims amounted to $864.40, and the second, to $1,366.88. He alleged that he intervened for the protection of the creditors, to have them classified and paid out of the proceeds of the sale. He averred the district court was without jurisdiction to pass upon the matters alleged, which pertained to the jurisdiction of the probate court.

The case was tried by the court without a jury, which resulted in a judgment for appellee on the note sued on, and a foreclosure of the deed of trust, and sale ordered of land in satisfaction of said debt. The intervener, in his capacity as independent executor, appeals.

The court's findings of fact and conclusions of law are:

### "Findings of Fact.

"I find that the property mentioned and described in plaintiff's original petition and hereinafter fully described was acquired during the marriage of the defendant, J. R. Fernandez, and his wife, Ellen M. Fernandez, by deed of conveyance to them jointly, and that the marriage relation continued between said J. R. Fernandez and Ellen M. Fernandez up until the date of the death of the said Ellen M. Fernandez on the 1st day of September, 1916.

"I find that plaintiff was a corporation duly incorporated, organized, and existing under and by virtue of the laws of the kingdom of Holland, and having a permit to do business in the state of Texas, and having its principal place of business in the town of Port Arthur, in the county of Jefferson, in the state of Texas.

"I find that on the 1st day of December, A. D. 1915, the said defendant, J. R. Fernandez, and his wife, Ellen M. Fernandez, for a valuable consideration, made, executed, and delivered to plaintiff their one certain promissory note of that date, payable on or before five years after date to plaintiff's order, at Austin, Travis county, Tex., for the sum of $3,500,

and said note bearing interest from date until paid at the rate of 8 per cent. per annum, payable semiannually, and, if interest be not paid when due, to become as principal and bear the same rate of interest, and the said note providing if the same should be placed in the hands of an attorney for collection after maturity, for an additional 10 per cent. on the amount to be collected for attorney's fees, and it being further provided in said note that if the defendant, J. R. Fernandez, and his wife, Ellen M. Fernandez, should fail to pay the taxes, or any part thereof, on the property described in the deed of trust hereinafter mentioned when the same severally became due and payable, or if they fail to keep the improvements on the said property insured, or to pay any premiums therefor, when the same become due and payable as provided in said deed of trust, or in case any installment of interest on said note should not be paid when due, then, at the option of the holder thereof, the whole of said note, principal, and interest then accrued should at once become due and payable, and the holder thereof might proceed to collect the same by foreclosure of the deed of trust hereinafter mentioned, given to secure the same, either under the power of sale therein contained, or by suit or other proceedings in court as such holder might elect.

"That contemporaneously with the execution of said promissory note, the said defendant, J. R. Fernandez, and wife, Ellen M. Fernandez, made, executed, acknowledged, and delivered their certain deed of trust to D. H. Doom, trustee, conveying in trust all that certain tract or parcel of land lying and being situated in the county of Travis, in the state of Texas, and being all of lots Nos. 18 and B and a portion of lots Nos. 16, 17 and A of Live Oak Grove, a subdivision of part of what is known as the 'Bunton Homestead' out of the Isaac Decker league, in said Travis county, Tex., according to the map or plat of said subdivision of record in Book Z, page 615, of the Records of Travis County, Tex., and more particularly described by metes and bounds (but on account of its length not copied); * * * that the said deed of trust provides, among other things, that should default be made in the payment of the promissory note, principal, and interest, or any part thereof, when the same became due and payable, according to the tenor and effect thereof, or should default be made in the payment of any installment of interest thereon when the same became due and payable, or should said defendant, J. R. Fernandez, and his wife, Ellen M. Fernandez, fail to comply with all or any of the other covenants, agreements, and provisions contained in the said deed of trust, then the said deed of trust should remain in full force and effect to secure the payment of the said promissory note, which said deed of trust was duly acknowledged by the said J. R. Fernandez and wife, Ellen M. Fernandez, on the 2d day of December, A. D. 1915, and was duly recorded in the Deed of Trust Records of Travis County, Tex., in Book No. 280, pages 459, 462, inclusive.

"I find that afterwards, to wit, on the 1st day of September, A. D. 1916, the said Ellen M. Fernandez died, leaving a lawful will, which has been duly admitted to probate in the county court of Travis county, Tex., sitting in pro-

bate, by the terms of which will the defendant, J. R. Fernandez, under the name of Richard Fernandez, is appointed sole and independent executor of said will, without bond, and on, to wit, the 7th day of October, A. D. 1916, the said defendant, J. R. Fernandez, under the name of Richard Fernandez, duly qualified as such independent executor, and is now acting as such.

"I find that the assets and property of the estate of Ellen M. Fernandez exceeds in value the amount of the claims which could be presented, allowed, and approved against said estate if the same were being administered under the direction of the probate court, and that said estate is solvent; that the community estate of J. R. Fernandez and Ellen M. Fernandez is not being administered, and the assets of the estate of Ellen M. Fernandez, deceased, exceed in value the aggregate amount of the claims which could be properly and lawfully allowed and approved against said estate.

"I find that by the terms of the will of Ellen M. Fernandez, deceased, after two bequests of $500 each to relatives, all of her property is devised and bequeathed to the defendant, J. R. Fernandez.

"I find that the interest which became due on the 1st day of December, A. D. 1916, and on the 1st day of June, A. D. 1917, upon the said promissory note was not paid by the defendant, and the plaintiff exercised its option and declared said note due, and placed the same in the hands of D. H. Doom, attorney, for collection, and this suit was instituted for that purpose.

"I find that the amount due on said promissory note on the 1st day of May, A. D. 1919, the date of judgment was $4,400.22, principal and interest due on said promissory note, and the further sum of $440.02 attorney's fees, as provided in said promissory note, and in the further sum of $56.95 fire insurance premium paid by the plaintiff on the 9th day of April, A. D. 1918, in all $4,897.19, which sum should bear interest at the rate of 8 per cent. per annum from said date.

"I find that the property mentioned and described in plaintiff's original petition, and hereinbefore described, was included in the inventory filed by J. R. Fernandez, executor, in the estate of Ellen Fernandez, deceased, and was listed in such inventory as community property between J. R. Fernandez and Ellen M. Fernandez.

"Conclusions of Law.

"The said Ellen M. Fernandez, at the time of the execution of the promissory note sued on, was a married woman, and was therefore not liable for the payment of said note, and the property of her estate could not be subjected to the payment of said note, and neither she nor her legal representatives were necessary or proper parties to this suit, and said representatives could not, under the law, by intervention, postpone or prevent collection of plaintiff's claim against said J. R. Fernandez, or prevent the foreclosure of plaintiff's lien upon the property described in the deed of trust given to secure the payment of the said promissory note.

"The said promissory note was a just, valid, and subsisting debt and claim against said J.

R. Fernandez, and the lien of the deed of trust given to secure its payment was the first and superior lien upon the property therein mentioned and described, and plaintiff was entitled to a foreclosure of said deed of trust, and the sale of the property to satisfy said claim.

"That the intervener, J. R. Fernandez, in his capacity as independent executor of the estate of Ellen M. Fernandez, deceased, is not entitled to the relief he seeks in this cause, and the proper judgment as to him is that said plea of intervener be held for naught.

"I therefore render judgment that the intervener, J. R. Fernandez, in his capacity as independent executor of the estate of Ellen M. Fernandez, deceased, take nothing by reason of his intervention in this cause, and that plaintiff have judgment against said defendant, J. R. Fernandez, for the amount due on the said promissory note, principal, interest, attorney's fees, and insurance premium paid by plaintiff hereinbefore mentioned, and for all costs, with foreclosure of its lien upon the property mentioned and described in plaintiff's original petition and hereinbefore mentioned and described."

We shall not discuss the assignments as set out in their order or in the terms of their language, but they will be considered in our discussion of the case showing the views we entertain of the whole case.

We do not think it of any importance that the court found there was no administration of the community estate of Ellen M. Fernandez and J. R. Fernandez, for the reason the court must have intended to mean there was no community administration such as permitted by chapter 29, title 52, Revised Civil Statutes.

[1] Ellen M. Fernandez could not be made personally liable on the note sued on. It was not shown or alleged that the funds borrowed from the note and deed of trust went for the benefit of her separate estate, or for necessaries such as to subject her property.

[2, 3] It is the contention of appellant that an independent estate, being in administration under the law, cannot be withdrawn from the jurisdiction of the probate court until fully administered and settled. The management of an estate by the independent executor is an administration under the law. As such the county court has no jurisdiction to settle accounts between him and heirs and devisees. He requires no order to sell property to pay debts. That power is vested in him whether expressed in the will or not, while an independent administration without bond is not withdrawn from the court for certain purposes, but permits the testator to pass to his executor all the powers necessary in the performance of all acts relating to settlement. "The court is restrained by the terms of the law from taking any action in regard to the settlement of the estate, while the executor appointed by the will continues to discharge his duties." Roy v. Whitaker, 92 Tex. 355, 48 S. W. 896.

[4] While an independent estate is open and pending, no valid sale can be made of

the mortgaged estate by the trustee in a deed of trust. Swearingen v. Williams, Executor, 28 Tex. Civ. App. 560, 67 S. W. 1061. Besides, the death of the grantor revokes the power. Again, because the court in certain contingencies may take charge of the estate and appoint an administrator, hence the right does not exist in a creditor to exercise the power of sale.

[5] There is no question of jurisdiction involved or raised in respect to the powers of the district court to hear and determine the issues involved, and, having acquired jurisdiction, had the right to hear and finally determine every issue raised by the pleading and evidence and determine and classify any and all claims presented.

This note, was executed and the deed of trust was executed during the lifetime of Ellen M. Fernandez. The claims asserted by appellant are community debts, and for which J. R. Fernandez was personally liable—she was not. Of course any community estate not charged with prior liens would otherwise be charged with such debts. But as at the death of Mrs. Fernandez the property stood charged with this debt and a lien upon it prior to other creditors, there was only subject to other claims the value of the equity of redemption that is the surplus over and above what is required to pay the secured claim. Of course any surplus after the sale would be paid to the appellant as executor.

[6] No one would suppose for a moment, after the husband and wife had given a valid lien on property, that the death of either spouse would destroy the priority of such a lien and postpone it to subsequent unsecured debts against the community estate. Such a right is a vested one, and could not be destroyed by death or administration.

As said by Chief Justice Phillips in Hedeman v. Newnom (Sup.) 211 S. W. 968:

"The creditor has the opportunity of acquiring a lawful and superior lien by having the wife join in its execution, and if he omits to do so and the appropriation of the property for allowances becomes necessary, the failure of his lien is due to his neglect of the law. The lien fails in such event only because the opportunity of acquiring a lawful lien given by the law is disregarded."

Appellee was diligent in acquiring the lien on the land to secure the debt. To postpone the lien so diligently secured to other subsequent or unsecured claims would, as Chief Justice Phillips said, in Hedeman v. Newnom, supra, "be the taking of one person's property and giving it to another." Investors' Mortgage Security Co. v. Newton (Sup.) 211 S. W. 971. The lien securing appellee's debt is prior and superior to any other claim presented, and J. R. Fernandez is personally liable for all the debts existing at the date of the death of his wife. Likewise, it is true the community estate is liable for such debts too, but the separate estate of his wife, if any, is not liable, and the same is true with reference to the mortgaged property to the extent of the secured claim.

[7] The right and priority of all the claims against said estate and their classification were properly before the district court in this proceeding for adjudication just as they would have been before the probate court in a proper case. That being true, and the same having been considered fully and passed on, we can see no error in the court's ruling, and we believe the judgment of the trial court is correct.

We find no merit in any of the assignments presented, and they are overruled, and the judgment of the court is affirmed.

### On Motion for Rehearing.

We are not unmindful of the decisions of this court and others construing the provisions of our statutes, in insolvent estates, in respect to the right of the administrator to apply the proceeds of the sale of mortgaged property to certain claims. Our views on this subject are well expressed in Rodgers v. Sturgis National Bank, 152 S. W. 1179, opinion by Chief Justice Key.

This opinion is based upon the findings of fact of the trial judge that the estate is not shown to be insolvent, and we have no reason to set aside that finding.

This is an independent administration, and there are no creditors seeking any priorities for us to pass upon. The independent executor intervened, and made the defense against the foreclosure of the mortgage. and he failed to establish such a state of facts as to show any grounds to have any claims paid out of that fund, and thus deprive the diligent creditor of the benefits of his security.

Motion for rehearing overruled.