REDDITT et al. v. QUINN et al.

No. 2698.

Court of Civil Appeals of Texas. Eastland.

Nov. 19, 1948.

Rehearing Denied Dec. 10, 1948.

Y. W. Holmes and John T. Nicholson, both of Comanche, for appellant.

Turner & Seaberry, of Eastland, for appellee.

GRISSOM, Chief Justice.

John K. Redditt and others, beneficiaries under the wills of Margaret Kennon and Kennon Irby, brought this suit against R. P. Quinn, individually and as independent executor of the wills of Kennon Irby and Margaret Kennon, both deceased, and against W. I. Redditt, individually and as joint independent executor of the will of Margaret Kennon, and against Margaret Brenholtz and husband, Harold Brenholtz, Richard Quinn and Howell K. Redditt, a non compos mentis, and R. R. Harvey, as guardian of the estate of said Howell K. Redditt, and the Farmers National Bank of DeLeon. Plaintiffs alleged they were beneficiaries under the will of Margaret Kennon and, as such, have an interest in said estate; that plaintiffs and defendants were all of the parties interested in the estates of both Kennon Irby and Margaret Kennon; that R. P. Quinn had qualified as independent executor of the estate of Kennon Irby, deceased; that R. P. Quinn and W. I. Redditt jointly qualified as independent executors of the estate of Margaret Kennon, deceased. Plaintiffs alleged that Margaret Kennon devised and bequeathed all of her property to the plaintiffs and defendants, other than R. P. Harvey and said bank; that the personal property of the estate had been sold by the executors and the proceeds deposited in said bank to the joint account of said executors; that certain funds had been deposited and paid out to the devisees and legatees under said wills; that there remained nothing further for said executors to do other than to distribute the balance of the money remaining on hand and deliver possession of the real estate belonging to said estates; that plaintiffs had demanded that the executors account to them for the estate coming into their hands and distribute to plaintiffs their shares of said estates, which said executors had refused to do. They prayed for a judgment requiring said executors to account and distribute the assets among the legatees and devisees. Defendants answered, among other things, by a plea to the jurisdiction of the court.

The court heard evidence on said plea and held that it had no jurisdiction to now require the independent executors to render an accounting and deliver the property to the devisees and legatees and dismissed the cause. Plaintiffs have appealed.

Appellants present many points, such as that independent executors are not entitled to commissions for cashing government bonds, which are not deemed pertinent on this appeal. Appellants' assignment of error is stated as follows:

"Where the independent executors had paid all sums and done all things provided for in Margaret Kennon's will, and where they still were withholding money and commissions and claimed commissions all amounting to more than $1,000.00, the District Court had jurisdiction to compel an accounting and payment; and the court erred in dismissing the suit for want of jurisdiction."

Kennon Irby bequeathed $1,000 to John K. Redditt. As we understand the record, Redditt has received this bequest. Irby gave all the remainder of his estate to Margaret Kennon, who survived him. R. P. Quinn and W. I. Redditt were appointed and qualified as independent executors of Margaret Kennon's estate. In connection with her appointment of said independent executors, she directed in her will that said independent executors "shall have full power and authority to make sales, execute conveyances, and do and perform any and all acts necessary and proper, in their sole judgment and discretion to carry out the terms of my said last will."

Contrary to the recitals in said assignment, the evidence did not show that the executors "had paid all sums and done all things provided for in Margaret Kennon's will."

The testimony heard on the plea to the jurisdiction shows the probate of the will

of Kennon Irby and the qualification of R. P. Quinn as independent executor; the probate of the will of Margaret Kennon and that Quinn and W. I. Redditt qualified as joint independent executors thereof; that W. I. Redditt had filed two suits in the county court asserting that R. P. Quinn had mismanaged the estate and asking for an accounting and that he be required to execute a bond; that judgments were rendered in said causes against W. I. Redditt, from which there was no appeal. Under such judgments, Quinn was ordered to continue to act as independent executor without bond.

The testimony further showed that the remaining property of the estate was located in Texas, Mississippi and Alabama; that there was some rent past due on a store building; that there was rent due from the Mississippi farm; that an inheritance tax was unpaid; that the will was being probated in Mississippi so that the land situated there might be sold, that local attorneys had been employed for that purpose but had not been paid; that attorneys had been employed in the pending litigation and said litigation in the county court but they had not been paid; that there had been an advance distribution to the beneficiaries under the will; that the claim of W. I. Redditt had not been settled; that some expenses incurred by each of the executors had not been paid; that the executors had on hand only $434.74.

■ We think the judgment of the trial court sustaining the plea to the jurisdiction must be sustained upon the ground that even when an estate is in the hands of an independent executor, "the estate remains under the jurisdiction of the probate court, and the administration is pending; but the court is restrained by terms of the law from taking any action regarding settlement of the estate so long as the executor appointed by the will continues to discharge his duties." Holt's-Simkins' Administration of Estates, 171, 3rd Ed. See also Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367; Swearingen v. Williams, 28 Tex. Civ.App. 559, 67 S.W. 1061; McAdams v. Wilson, Tex.Civ.App., 164 S.W. 59, 61; Kennedy v. Briere, 45 Tex. 305, 308. We

recognize that there are exceptions to this rule. See Holt's-Simkins' Administration of Estates, page 24 et seq.; Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980, 985; Cogley v. Welch, Tex.Com.App., 34 S.W.2d 849, 853. But, the exceptions are not applicable here.

■ The district court did not have power er to compel independent executors to account and to deliver to the legatees and devisees the remainder of the estate while the executors were still administering the estate, debts were unpaid and there were apparently not sufficient funds on hand to pay the debts. McAdams v. Wilson, Tex. Civ.App., 164 S.W. 59, 61, writ ref.; Parks v. Knox, 61 Tex.Civ.App. 493, 130 S.W. 203, 207. In McDonough v. Cross, 40 Tex. 251, 281, our Supreme Court said:

"It is certainly within the authority conferred upon the executor, if no specific directions are contained in the will, whether the will is being administered under the supervision of the court or not, to determine when the devisees may take and hold the property devised, free from any claim of the executor thereto, for the purposes of administration."

Clearly, they were still acting within the authority expressly granted by the terms of the will.

■ It has often been said that an independent executor may determine for himself when the estate is ready for distribution. Kennedy v. Briere, 45 Tex. 305, 308; 14 Tex.Jur., 537; 13 Tex.Jur., 776; Parks v. Knox, 61 Tex.Civ.App. 493, 130 S.W. 203, 207; McDonough v. Cross, 40 Tex. 251, 281. See Cook v. Baker, Tex.Com.App., 45 S.W.2d 161, 166.

Under the undisputed evidence the estate has not been fully administered by the independent executors and other acts remain to be done before they can close the administration. The record discloses that if the small amount of money on hand should be delivered to the beneficiaries under the will the executors might not have sufficient funds to discharge the debts still unpaid. Therefore, without regard as to whether the trial court was technically correct in dismissing the cause for lack of jurisdiction, it is apparent that appellants' suit was pre-

maturely instituted because the estates have not been fully administered and, therefore, the judgment dismissing the suit was proper. 14 Tex.Jur., 537.

The judgment is affirmed.