**Isadore TOPLITSKY, Appellant,**

**v.**

**Leon TOPLITSKY et al., Appellees.**

No. 12777.

Court of Civil Appeals of Texas.

Galveston.

July 28, 1955.

Rehearing Denied Oct. 6, 1955.

Edgar C. H. Soule, Houston, for appellant.

Alexander T. Sidman, Houston, for appellees.

GRAVES, Justice.

Appellees, two sisters and one brother, plaintiffs below, filed this suit in the District Court of Harris County against appellant, Isadore Toplitsky, another brother, defendant below, as independent executor of the estate of their, and his, deceased father, Sam Toplitsky, alleging that no further administration of such estate was necessary, and praying for an accounting and partition.

It was filed about eleven months after appellant had qualified as such independent executor.

After a jury had been empanelled, and only appellant had testified, he entered into an agreement that the jury be discharged, and a consent-decree be entered, providing for a full accounting by him of all estate moneys that had come into his possession, and to properly vouch for all that he had paid out, and to turn the remainder over to the Houston Bank & Trust Company, which, as a receiver, would dispose of a vendor's lien note, and one parcel of real estate, and some personal property, belonging to the estate, and divide the resultant sum of money among the appellees and appellant, as the four sole equal beneficiaries under their father's will.

The said account was turned in by the appellant, but it was disputed by the appellees, and it was restated by the Court, in various respects.

In support of the appealed-from judgment herein, the court filed findings-of-fact and conclusions-of-law, at the request of appellant.

The litigants here are in such disagreement and disputation, both as to what the trial court's judgment actually was, and the effect of its supporting findings of both fact and law, that copies of both of these documents are hereto attached, as Exhibits "A", and "B", respectively, and made parts hereof.

After its consideration of the record, this Court is unable to find fault with either the judgment rendered by the trial

court herein, or its supporting findings of either fact, or law.

As the court's judgment makes plain, the suit, in essence, was simply one asking for an accounting, settlement, and partition of the properties on the part of the appellees, upon their showing that no further administration of the estate had been necessary.

■ As such, as the trial court held, it is plain that the district court had exclusive jurisdiction, under these authorities: Roy v. Whitaker, 92 Tex. 346, 347, 48 S.W. 892, 49 S.W. 367; Hutcherson v. Hutcherson, Tex.Civ.App., 135 S.W.2d 757; Jerrard v. McKenzie, 61 Tex. 40; Quintana v. Giraud, Tex.Civ.App., 209 S.W. 770, 772; Redditt v. Quinn, Tex.Civ. App., 215 S.W.2d 367; Hake v. Dilworth, Tex.Civ.App., 96 S.W.2d 121.

Stating this Court's conclusions in a slightly different way, the trial court had jurisdiction under the pleadings and over the parties in this controversy, and its judgment was one it had the power to render under the law.

■ In the second place, the jurisdiction of the trial court, having been so exclusive over this controversy, it is undisputed in the record that appellant consented to the entry of the judgment so adverse to him, as an agreed judgment; wherefore, he is precluded from complaining of errors alleged to have been committed before its rendition. Shawver v. Masterson, Tex.Civ.App., 65 S.W.2d 1111.

■ Further, this Court, in Smith v. Cook, Tex.Civ.App., 126 S.W.2d 1049, 1052, thus pronounced the applicable rule of law in such instances: "* * * a judgment by consent waives all errors committed before its rendition, and * * they will not be noticed by the appellate court."

Further, in an obvious effort to give the appellant in this instance the full benefit of a correct account between him and the appellees, the court gave him the benefit of a re-statement of his final account, made, as the record further shows, in accordance with what the court properly determined was the evidence in that respect, and conformably to V.A.T.S. Arts. 3689, 3690 and 3691.

■ Finally, appellant, having failed to show, conformably to Rule 418, Texas Rules of Civil Procedure, that any right had been denied him, or that any of the findings against him lacked support in the evidence, an affirmance of the trial court's judgment must be entered. It will be so ordered.

· Affirmed.

### Exhibit "A"

On the 21st day of January, 1954, being the date agreed upon by the parties hereto for such hearing, came on to be heard, in the above styled and numbered cause, the matter of the approval, if correct and the restatement, if necessary, of the Final Account of the defendant herein, Isadore Toplitsky, Independent Executor of the Estate of Sam Toplitsky, Deceased, which Account he was commanded to deliver, fully itemized and under oath and with supporting vouchers, to Houston Bank and Trust Company, Receiver, all as set out in the Decree of this Court of February 12, 1952; and also the matter of passing upon and approving the Inventory and Account filed herein by said Receiver and of fixing its fee for services rendered by it as such; and came the Plaintiffs, by and through their attorney of record and the Defendant, in person and with his attorney of record, and said Receiver by and through August J. Heinze, its Trust Officer and its attorney of record, and the parties having announced themselves ready the Court proceeded to consider the foregoing matters in accordance with the pleadings and evidence adduced.

And on the above date the Court examined the aforesaid Inventory and Account of said Receiver and finds and holds that the fee of Seven Hundred Fifty ($750.00) and 00/100 Dollars exacted by it for its services as such is proper and reasonable and that said Receiver has fully

accounted for all moneys received and paid out by it and that said Inventory and Account is in all respects correct and same is accordingly approved; and said Receiver is entitled to be and it is hereby discharged.

In open court and in accordance with the request of the parties hereto the said Houston Bank and Trust Company, not in its former capacity as Receiver, but simply as Escrow Agent, and without any additional fee for so doing, agreed to retain the sum of Two Thousand Six Hundred Sixty Nine ($2,669.27) and 27/100 Dollars held by it as the undistributed portion of the funds of said Estate and which it tendered for deposit in the Registry of the Court and to divide same, along with any other additional moneys which under the provisions hereof Defendant may be commanded to pay to it, among such of the parties hereto and in such amounts as it may be hereinafter directed.

Further consideration of the matters herein involved having been adjourned for the convenience of the Court until the 22nd day of January, 1954, the Court on said date, in conformity with and in pursuance of its Decree herein of February 12, 1952, proceeded to hear further evidence and argument of counsel and based upon same the Court finds and holds as follows with respect to said Final Account of said defendant as Executor of said Estate, to-wit:

### Section A

That the following moneys were received by the defendant, as such Executor and that he is chargeable with same, to-wit:

1. Cash on hand at death of Testator...... $4,327.08
2. Payments on "Dixon" Note, made to and rents collected from "Gano Street" property by Houston Bank and Trust Company ........................................ 1,806.07
3. Rents from Gano property collected by Defendant ................................... 755.76
4. Social Security payment ................... 140.88

Total............ $7,029.79

### Section B

That of the items of expense set out in defendant's Final Account with which he seeks to credit himself, the following debts and expenses were properly paid by him and he is hereby credited therewith, namely:

| | | |
|---|---|---|
| 1. | Advance Probate Court costs............ | $ 25.00 |
| 2. | Water bill—6/30/49........................ | 13.80 |
| 3. | San Jacinto Sales Company—6/30/49..... | 2.33 |
| 4. | Congregation Adath Israel—6/30/49...... | 24.00 |
| 5. | Doyles Pharmacy—6/30/49................ | 46.83 |
| 6. | Edgar C. Soule—legal services—(6/30/49) (5/20/50) ..................................... | 1,000.00 |
| 7. | Dr. A. Axelrod—6/30/49.................... | 213.00 |
| 8. | Drs. Wigby and Crain—6/30/49.......... | 30.00 |
| 9. | Dr. Sam I. Miller—6/30/49................ | 15.00 |
| 10. | Dr. Herbert H. Harris—6/30/49........... | 12.00 |
| 11. | Abbott Rents. oxygen services—6/30/49.. | 20.00 |
| 12. | Drs. Logue, Cody, Robison & Barrett— 7/17/49 ..................................... | 71.00 |
| 13. | Water bill—10/13/49....................... | 6.80 |
| 14. | Doyles pharmacy—10/13/49................ | 6.69 |
| 15. | Drs. Pawelek, Pawelek & White—11/16/49 | 145.00 |
| 16. | State and County Taxes—12/6/49........ | 18.50 |
| 17. | City and School taxes—12/14/49.......... | 60.23 |
| 18. | Cemetery up-keep—1/23/50................ | 20.00 |
| 19. | Memorial marker—1/2/50................. | 400.00 |
| 20. | Rabbi S. Malev—4/16/50.................. | 25.00 |
| 21. | Religious offering—4/16/50................ | 25.00 |
| 22. | Jarrell & Cage Insurance................ | 20.00 |
| 23. | Water bill—12/20/50....................... | 20.41 |
| 24. | City and School taxes—12/20/50.......... | 60.03 |
| 25. | Cage & Faught Insurance—1/2/51........ | 22.74 |
| 26. | State and County taxes—1/31/51.......... | 17.89 |
| 27. | County Clerk—3/13/51..................... | .75 |
| 28. | David Retteria—7/9/51.................... | 5.00 |
| 29. | Water bill—8/15/51........................ | 34.10 |
| 30. | Water bill—8/22/51........................ | 14.54 |
| 31. | Houston Post—10/8/51..................... | 8.06 |
| 32. | Houston Post—12/3/51..................... | 4.35 |
| 33. | City and School taxes—12/24/51.......... | 60.50 |
| 34. | Water bill—12/26/51....................... | 30.66 |
| 35. | State and County taxes—1/29/52.......... | 15.22 |
| 36. | Long distance calls etc.................... | 8.20 |
| 37. | Water Bill—3/4/52......................... | 10.50 |
| 38. | Houston Bank and Trust Company...... | 2.00 |
| 39. | Telephone expenses....................... | 3.38 |
| 40. | B. A. Zermeno............................. | 18.00 |
| 41. | Houston Bank and Trust Company...... | 1.15 |

Total............ $2,537.66

### Section C

Plaintiffs urged that the withdrawal by the defendant from the funds of said Estate and the payment by him on May 20, 1950, to his attorney, Edgar C. Soule, of the sum of $500 as and for a fee for the handling of the instant law suit, in addition to the $500 fee paid to said attorney for probate work on June 30, 1949, constituted an improper charge against the funds of said Estate in the light of the allegations in defendant's own Cross Petition, which evidences that said attorney was to a great extent representing the de-

fendant in his individual capacity and not in his capacity as Executor.

Although the Court first expressed the opinion that such total attorneys fee of $1,000 might be excessive to the extent of $250, he now finds and holds that such total attorneys fee is proper and allows same.

### Section D

That the deduction by the defendant, as expenses of said Estate, of the following items, totalling $779.30, to-wit:

1. To Minnie Toplitsky, on June 30, 1949, as an advance to her on her ultimate one-fourth interest in said Estate, the sum of .................................................... $100.00
2. To himself, on October 13, 1949, as and for rent on property owned by Defendant individually and not by said Estate, owed to him by the Plaintiffs, Leon and Minnie Toplitsky, in the sum of .................... 225.00
3. To himself on November 2, 1949, as and for rent on such property, owned to him by the Plaintiffs Loen and Minnie Toplitsky in the sum of ........................ 75.00
4. To himself on December 6, 1949, as and for rent on such property, owed to him by the Plaintiffs, Loen and Minnie Toplitsky in the sum of ........................ 75.00
5. To himself, on March 6, 1950, as and for such rent on such property and as and for Court costs owed to the Defendant by the Plaintiffs, Leon and Minnie Toplitsky in the sum of ............................... 204.30
6. To himself, on November 16, 1949, as and for such rent on such property owed to the Defendant, individually by the Plaintiff, Mrs. Tillie Rich in the sum of........ 100.00

is improper, first, because the Court finds that the true amount owed by the plaintiffs, Minnie and Loen Toplitsky, in equal shares, to defendant represented in Items 3 through 5 above, is $363.20 and not $479.30, as therein set out, and secondly, because the above items constitute advances made by the defendant to beneficiaries of said Estate, in one instance directly as such and in the others, on agreement that such sums of money, representing debts of said plaintiffs to defendant, individually, would be deducted and retained by him in payment of such debts from their ultimate shares of said Estate, on division of same; with such improper inclusion of said sum of $779.30 as expenses of said Estate resulting in the defendant erroneously crediting herself with and withholding com-

mission therefor; which exaction of commission on such sum is hereby disallowed.

### Section E

That of the sum of $500 which defendant withdrew from said Estate's funds on June 30, 1949, and seeks credit therefor as having been used by him in payment of Estate debts, but only accounts for alleged payments of $397.55, same, except in the amount of $22.53, for which he has been duly credited in Items numbered 39, 40 and 41 of "Section B" above, is disallowed to the extent of $477.47 on the following evidence before the Court:

1. Defendant did not pay to Dr. R. L. White, the sum of $70 to redeem decedent's two checks totalling such amount, same being included in the debt of said Estate to Drs. Pawelek, Pawelek and White of $145 which the Defendant paid by check of said Estate as set out in Item No. 15 of "Section B" above for which he has been duly credited; and such claimed credit of $70 is accordingly hereby disallowed.

2. The following items of expense alleged to have been paid by defendant to the following creditors of the Estate out of the aforesaid $500 namely: (a) to H. W. Heitman, $30.75; (b) to the City of Houston, Water Department, $29.60; and (c) to C. W. Junek, $51.67, involved payment for a water bill and repairs to the property on Gano Street in the City of Houston owned by said Estate which the Houston Bank and Trust Company paid out of Estate funds on deposit with it in the Estate rental account and defendant did not pay same.

3. The sum of $193 alleged to have been paid by him to Drs. Logue, Cody, Robison and Barrett actually was not, because the only debt the Estate owed to said doctors was the sum of $71 paid by the defendant as shown in Item No. 12 of "Section B" above and said Estate was not indebted to said doctors in the sum of $193 nor did they receive from said defendant any such amount of money.

## Section F

That the sum of $780 which Defendant deducted from the funds of said Estate as and for automobile expenses for making one trip each week for a period of three years from Galveston to Houston (156 trips at $5 per trip), allegedly to attend to the business of the Estate is disallowed to the extent of $580 because of the following:

1. The only matters of the Estate calling for extended attention were the collection of the "Dixon Note" which was at all times in the hands of the Houston Bank and Trust Company for such purpose, and of the renting and looking after the repairs of the Gano Street property which until October of 1950 was also looked after solely by the Houston Bank and Trust Company with no attention given thereto by the defendant and with said Houston Bank and Trust Company deducting from the funds of said Estate commissions and charges for its services—but with plaintiffs seeking no cutting down of Defendant's commission because of such fact.

2. No evidence was offered to show how many auto trips, if any, from his home in Galveston to Houston, defendant had to make or actually made in connection with the affairs of said Estate or how many were necessary and proper in connection therewith, or what expenses, if any, he actually incurred in such trips.

It is, however, the opinion of the Court that the defendant should be and he is hereby allowed the $200 as and for any car expenses he may have incurred in connection with any trips he may have made from Galveston to Houston for the time that he acted as Independent Executor of this Estate and he may retain such sum of $200 out of the $780 improperly deducted by him but he is to receive no commission on said sum of $200.

## Section G

That the deduction and withholding by the defendant from the funds of said Estate of the sum of $573.66 as and for his commission is hereby disallowed to the extent of $311.64.

Defendant is entitled to receive and was entitled to withhold a commission of five (5%) per cent on only the following sums of money collected and disbursed by him, to-wit:

1. Collections:
   (a) Item No. 2 of Section A above........ $1806.07
   (b) Item No. 3 of Section A above........ 755.76
   (c) Item No. 4 of Section A above......... 140.88
   Total............ $2,702.71
2. Disbursements:
   (a) Items No. 1 through 41 of Section B above ........................................ 2,537.66
   Total collections and disbursements ..... $5,240.37

Defendant is accordingly entitled to receive and he is authorized to retain from the aforesaid $573.66 withheld by him only the sum of $262.02 (5% of $5,240.37) as and for his commission.

## Section H

The Court concludes, based upon its above findings and holdings, that the defendant has wrongfully withheld from the funds of said Estate the following sums of money which should have been by him delivered to said Receiver:

(a). As in above "Section D" ................ $779.30
(b). As in above "Section E" ................ 477.47
(c). As in above "Section F" ................ 580.00
(d). As in above "Section G" ................ 311.64
Total............ 2148.41

Adding such Two Thousand One Hundred Forty Eight ($2,148.41) and 41/100 Dollars to the Two Thousand Six Hundred Sixty Nine ($2,669.27) and 27/100 Dollars belonging to said Estate which is now held by Escrow Agent, results in the total sum of Four Thousand Eight Hundred Seventeen ($4,817.68) and 68/100 Dollars, which amount, representing the true present balance of the funds of said Estate, is to be divided into four equal portions of One Thousand Two Hundred Four ($1,204.42) and 42/100 Dollars with each of the plaintiffs and the defendant owning a like equal portion.

The plaintiff, Minnie Toplitsky, having been already advanced the sum of $100

from her ultimate portion of said Estate, three-fourths of same should be deducted from her said one-fourth share and added in equal one-third shares to the portions of the other two plaintiffs and that of the defendant. Furthermore, said plaintiff, being indebted to the defendant in the sum of $181.60 such additional amount should be deducted also from her aforesaid one-fourth share of said Estate and added to that of the defendant's one-fourth portion.

The plaintiff, Tillie Rich being indebted to the defendant in the sum of $100 such amount of money is to be deducted from her aforesaid portion and credited to that of the defendant.

The plaintiff, Leon Toplitsky being indebted to the defendant in the sum of $181.60 such amount of money is to be deducted from his aforesaid portion and credited to that of the defendant.

The net portions of each of the Plaintiffs and of Defendant herein, is, therefore, to be calculated as follows:

1. Of Plaintiff, Minnie Toplitsky:

| | |
|---|---:|
| Base one-fourth | $1,204.42 |
| Less ¾ths of $100.00 advance | 75.00 |
| | $1,129.42 |
| Less debt to Defendant | 181.60 |
| Her net share | $947.82 |

2. Of Plaintiff, Tillie Rich

| | |
|---|---:|
| Base one-fourth | $1,204.42 |
| Plus—¼th of advance of Minnie Toplitsky | 25.00 |
| | $1,229.42 |
| Less debt to Defendant | 100.00 |
| Her net share | $1,129.42 |

3. Of Plaintiff, Leon Toplitsky:

| | |
|---|---:|
| Base one-fourth | $1,204.42 |
| Plus—¼th advance to Minnie Toplitsky | 25.00 |
| | $1,229.42 |
| Less debt to Defendant | 181.60 |
| His net share | $1,047.82 |

4. Of Defendant, Isadore Toplitsky

| | |
|---|---:|
| Base one-fourth | $1,204.42 |
| Plus—¼th advance to Minnie | 25.00 |
| Plus debt from Ninnie | 181.60 |
| Plus debt from Tillie | 100.00 |
| Plus debt from Leon | 181.60 |
| His net share | $1,692.02 |

The total of the plaintiffs' net shares of said Estate after crediting to defendant all of the debts owed by them to him, individually, aggregating the sum of Three Thousand One Hundred Twenty Five ($3,125.-06) and 06/100 Dollars and the amount of money held by the Escrow Agent belonging to said Estate being the sum of Two Thousand Six Hundred Sixty Nine ($2,-669.27) and 27/100 Dollars only, same is deficient because of improper withdrawals by defendant from the funds of said Estate, to the extent of Four Hundred Fifty Five ($455.79) and 79/100 Dollars to enable said Escrow Agent to deliver to each of said plaintiffs their aforesaid respective net portions of said Estate.

Said defendant, is, therefore, hereby commanded to deliver to said Escrow Agent, on or before ten (10) days from the date of the entry hereof the sum of Four Hundred Fifty Five ($455.79) and 79/100 Dollars: whereupon said Escrow Agent shall and it is hereby authorized to deliver to each of the plaintiffs the above several sums of money representing their respective net shares of the funds of said Estate.

Should defendant fail to so pay said sum of money to Escrow Agent then said Agent shall and it is hereby authorized to immediately deliver to plaintiffs, jointly and for proper division among themselves, said sum of Two Thousand Six Hundred Sixty Nine ($2,669.27) and 27/100 Dollars; and their receipt therefor shall be a sufficient release to Escrow Agent of any and all liability hereunder on its part.

Furthermore, should defendant fail to so pay said sum of money to Escrow Agent, it is Ordered, Adjudged and Decreed by the Court that plaintiffs do have and recover of and from said defendant the sum of Four Hundred Fifty Five ($455.79) and 79/100 Dollars with interest thereon at the legal rate from February 12, 1952, together with their costs in this behalf expended and that they have their execution.

All relief prayed for by either plaintiffs or defendant and not herein granted is expressly denied.

To which action and ruling of the Court, defendant, then and there and in open court gave notice of appeal to the Court of Civil Appeals for the First Supreme

Judicial District of Texas, sitting at Galveston.

Executed this 12th day of April, 1954.

/s/ Dan W. Jackson, Judge.

Exhibit "B"

In response to the request of the defendant herein, Isadore Toplitsky, Independent Executor of the Estate of Sam Toplitsky, deceased, I make the following as my Findings of Fact and Conclusions of Law in this cause:

Findings of Fact

1. I find that Sam Toplitsky, died testate in Houston, Texas, on April 6, 1949, devising and bequeathing his property in equal one-fourth (¼th) shares to his four (4) children, namely, Minnie Toplitsky, a feme sole, Tollie Toplitsky Rich, wife of Martin Rich and Leon Toplitsky, all of whom are the plaintiffs herein; and Isadore Toplitsky, who is the defendant herein and whom he appointed Independent Executor of his Last Will and Testament.

2. I find that said Will was admitted to probate by the County Court of this Court in Probate Matter No. 43,507, on the docket of said Court, on the 31st day of May, 1949, and that said defendant qualified as such Executor on the same date.

3. I find that the defendant, as such executor, filed with and there was approved by said County Court, on July 21, 1949, an Inventory and Appraisement of said Estate in which he set out that the Estate was possessed of the sum of $3,977.27 in cash and that the claims against it were $350 paid out by the plaintiff, Leon Toplitsky, for funeral expenses and the sum of $25 advanced by the defendant for Court costs; and that the other assets of said Estate consisted of certain real property in the City of Houston of the value of $5,000.00, of household goods valued at $500 and of a Vendor's Lien Note on which there was an unpaid balance of $2,000.

4. I find that on the 11th day of August, 1949, the plaintiff, Leon Toplitsky, through his attorney, demanded payment from said defendant, as Executor, of an itemized total sum of $464.75 advanced by him for the funeral expenses and expenses of the last illness of the decedent and that said defendant, through his attorney, demanded of said plaintiff that he make affidavit to such claim that it was just, due and unpaid and that all offsets to it had been made; and that said defendant, did not pay same to said plaintiff after being advised by said plaintiff's attorney that it was unnecessary for said plaintiff to file such affidavit because the defendant was acting independent of the Probate Court.

5. I find that under date of March 30, 1950, plaintiffs made written demand on defendant, as such Executor, to account to them for his acts as such and to settle said Estate and that said demand was ignored by said defendant.

6. I find that the plaintiffs filed this suit on April 24, 1950, alleging, in part, that said defendant refused to disclose to them any of the affairs of said Estate being handled by him as such Executor and that there was no need for further administration therein because there was sufficient cash funds in the hands of the defendant to pay all its debts and that no uncollected claims in its favor were outstanding; and that said defendant should be made to account for his acts as such Executor and that said Estate be settled and that, if necessary, a Receiver be appointed to dispose of the real and personal property owned by said Estate and undisposed of; that the plaintiff, Leon Toplitsky, recover from the defendant, as such Executor, the aforesaid sum of $464.75 and that the defendant, in his individual capacity, be allowed to deduct from the ultimate shares in said Estate of each of the plaintiffs, Minnie Toplitsky and Leon Toplitsky, the sum of $175 as and for rent for an apartment occupied by them and owned by the defendant individually, as provided for in agreed judgment dated September 7, 1949, in a Forcible Detainer suit in one of the Justice Courts of this County in which the defendant herein, individually,

was plaintiff and the aforesaid plaintiffs were defendants.

7. I find that said defendant filed a sworn answer in which he pled, in addition to the admission by him that said plaintiffs each owed to him the sum of $175 and the averring of certain denials of plaintiffs' cause of action and a cross action by him against certain of the plaintiffs in his capacity as Executor and other cross actions against certain of the plaintiffs on his own individual claimed debts from them, and as a dilatory defense thereto, the provisions of Article 3437 of the Revised Civil Statutes of this State to the effect that this suit should be abated because it was filed on April 24, 1950, or less than one year from the date that the Defendant qualified as such Independent Executor, to-wit: May 31, 1949.

8. I find that the defendant did not request a ruling on said dilatory plea prior to or during the trial of said cause hereinafter referred to.

9. I find that the defendant deposited a jury fee and caused this suit to be placed on the jury docket.

10. I find that this cause came to trial on the 12th day of February, 1952, before duly empanelled jury and that during the course thereof and on February 13, 1952, and on agreement of the parties, such jury was discharged and an agreed judgment was entered by this Court which provided in part, for the appointment of the Houston Bank and Trust Company, as Receiver, with the power to dispose of the real and personal property owned by said Estate and commanding the defendant, as Executor, to deliver to said Receiver a full and itemized accounting under oath of all moneys of the Estate which had come into his possession and of all claims of said Estate presented to him, together with all checks issued by him as such Executor to pay claims of said Estate and with vouchers in support of same.

11. I find that the defendant, under date of September 2, 1952, delivered to said Receiver a sworn "Final Account" of his acts as such Independent Executor, the correctness of which was disputed by the plaintiffs.

12. I find that said Receiver in its Application to this court to be discharged and to fix its fee for services rendered, reported its inability to divide the proceeds of said Estate among the beneficiaries thereof, as in said agreed judgment provided for, because of the dispute as to the correctness and completness [sic.] of said defendant's Final Account.

13. I find as follows in connection with said Final Account of the defendant herein:

(a). Defendant did not pay to Dr. R. L. White, in cash, as claimed by him therein, the sum of $70 to redeem decedent's two (2) checks totalling such amount of money in addition to the sum of $145, which he paid by check drawn on the Estate funds, to Drs. Pawlek, Pawlek and White, and said sum of $145 was the full debt of said Estate owed to said doctors or any of them as stated by said doctors in a written memorandum which the defendant agreed in open Court would be accepted as true and binding upon him and defendant producing no proper voucher to prove the contrary.

(b). Defendant did not pay to Drs. Logue, Cody, Robison and Barrett, in cash, as claimed by him therein, the sum of $193 in addition to the sum of $71 which he paid to said doctors by check drawn on the Estate funds, and that said sum of $71 was the full debt of said Estate owed to said doctors as stated by said doctors in a written memorandum which the defendant agreed in open Court would be accepted as true and binding upon him and defendant producing no proper voucher to prove the contrary.

(c). Defendant did not pay, in cash, as claimed by him therein, the following sums of money to the following creditors of the Estate, to-wit:

1. H. W. Heitman ............................ $30.75
2. The City of Houston, Water Department... 29.60
3. C. W. Junke ................................ 51.67.

because such amounts of money paid to such creditors were actually paid by Houston Bank and Trust Company as reflected by its account introduced in evidence without objection, prior to the date that it was appointed Receiver herein and during the time that it was handling the rental account of the Gano Street property owned by said Estate; and in connection with which property the above debts were incurred.

14. I find that as admitted by both plaintiffs and defendant in their pleadings, the plaintiffs, Minnie Toplitsky and Leon Toplitsky are jointly indebted to the defendant, in his individual capacity, in the sum of $350, only, as and for rent for an apartment occupied by them as his tenants; and as admitted by their counsel in open Court that they are further jointly indebted to him in the sum of $13.20 as and for Court costs growing out of a Forcible Detainer suit; and that consequently each of said plaintiffs is indebted to said defendant, individually, in the sum of $181.60, only, and not in the sum of $239.65.

15. I find, based on the amount of moneys collected for the Estate by said defendant while acting as Executor and the amount of moneys paid out by him for debts of said Estate to creditors thereof that the defendant is entitled to receive as commissions the sum of $262.02, only, and not the sum of $573.66 as claimed by him in said Final Account.

16. I find excessive to the extent of $580 the sum of $780 which defendant seeks to withhold in said Final Account as and for reimbursement of moneys expended by him for gasoline, oil and car expenses involved in his making one hundred fifty-six (156) trips of one (1) trip per week for a period of three (3) years from his home in Galveston to Houston; no evidence of the actual making or necessity of making such number of trips to attend to Estate matters having been offered by defendant and said Final Account itself reciting that all the collections on the "Dixon" note were at all times made by Houston Bank and Trust Company

and that the rents on the Gano Street property were looked after by said Houston Bank and Trust Company until September 28, 1950, and not by the defendant.

17. I find that the true present balance of the funds of said Estate should be Four Thousand Eight Hundred Seventeen ($4,817.68) and 68/100 Dollars and that of said amount the plaintiff, Minnie Toplitsky, is entitled to the sum of Nine Hundred Forty Seven ($947.82) and 82/100 Dollars; the plaintiff, Tillie Rich, the sum of One Thousand One Hundred Twenty Nine ($1,129.42) and 42/100 Dollars; the plaintiff, Leon Toplitsky the sum of One Thousand Forty Seven ($1,047.82) and 82/100 Dollars; and the defendant Isadore Toplitsky, the sum of One Thousand Six Hundred Ninety Two ($1,692.62) and 62/100 Dollars.

## Conclusions of Law

1. The provisions of Article 3437 of the Revised Civil Statutes of this State permitting an Executor to not plead to suits by creditors of an Estate until the lapse of one year from the date that the Will so appointing him is probated is not jurisdictional but provides a privilege which may be waived by him by his failure to urge a ruling by the court—as did the Defendant in this cause—on such dilatory plea.

2. This Court has original jurisdiction of this cause which is not one for the removal of defendant as Executor of said Estate, but for settlement of same on the allegation that no further need of administration existed and that the defendant should be made to account for his acts as such Executor and for its assets to be divided in accordance with the provisions of the Will of the Decedent.

3. This Court has jurisdiction, in the enforcement of its Decree theretofore entered as the agreed judgment of the parties hereto, to pass upon the Application of the Receiver, therein appointed, for approval of its Account as such and the fixing of the fee of its attorney and to approve or restate the "Final Account" of the defendant, as Executor of said Estate,

which he was in said Decree commanded by this Court to deliver to said Receiver.

4. Defendant's attempt to collect commissions on moneys of the Estate advanced by him to beneficiaries thereof regardless of the manner or purpose of such advancement, is improper and not allowable.

5. Defendant, as the legal representative of said Estate, failing to support by proper vouchers, payments of certain debts thereof with which he sought to credit himself in his Final Account, is not entitled to such credits.

6. Defendant is not entitled to withhold from the funds of said Estate the full sum of money with which he sought to credit himself in his Final Account as and for car expenses incurred by him since he failed to offer any proof of the actual making of such trips or the necessity thereof in connection with attention to Estate matters.

/s/ Dan W. Jackson, Judge.